Callaghan vs. The Town of Alexandria.

No. 13,432.

JOHN CALLAGHAN VS. THE TOWN OF ALEXANDRIA.

### SYLLABUS.

Under the provisions of the present Constitution, it is only in pursuance of the authority of a vote of a majority in number and amount of the property tax-payers of a municipality that it may incur debt and issue negotiable bonds therefor; and which indebtedness and issuance of bonds must be specially restricted to the extent of one-tenth of the assessed valuation of the property within said municipal corporation, and shall not exceed five mills on the dollar of the assessed valuation of the property in any one year.

It is not admissible for a municipal corporation to issue bonds for any other purpose than that stated in the submission; and it must be restricted and rest upon the special tax authorized by a vote of the property tax-payers as directed in the Constitution.

Municipal authorities are not authorized to predicate the issuance of bonds for any other indebtedness than that which is contracted subsequent to the election; and it can not be rested upon an appropriation of any portion of the general fund tax.

The law does not require that the ordinances of municipal corporations should be preceded by titles such as are required for legislative enactments.

A PPEAL from the Tenth Judicial District Court, Parish of Rapides.—*Hunter, J.*

*Horace H. White* for Plaintiff and Appellant.

*Ryan & Blackman* for Defendant, Appellee.

The opinion of the court was delivered by

WATKINS, J. This suit is brought by the plaintiff as a citizen, voter and tax-payer of the city of Alexandria, Louisiana, enjoining the municipal authorities of said city from issuing seventy-one thousand dollars in bonds, for the purposes of sewerage, paving, etc., and the levying of a five-mill special tax, and the setting aside of three and one-half mills of the general fund tax of the city, in order to provide for the payment of the principal and interest of said bonds.

On the issues thus stated, the case went to trial in the District Court, and a judgment was rendered in favor of the defendant, dissolving the plaintiff's injunction, and recognizing and sustaining the legality and constitutionality of the ordinance of said city relative to

the aforesaid bond issue, and the levying and setting aside of the taxes referred to.

From the plaintiff's petition we ascertain that three grounds of illegality in the aforesaid proposed bond issue, are urged.

1. That the ballot used at the special election submitted three questions to the voter, and not one only as the law requires, and that it was so framed, that the voter was compelled to either vote for or against all three propositions *in solido,* and was rendered unable to vote for one or more if he saw proper; (2) that the ordinance submitting the bond issue to a vote of the people, had no title explaining clearly the substance of the ordinance as submitted; (3) that it is *ultra vires* of the Mayor and City Council to set aside three and one-half mills out of the general fund taxes of the city annually, commencing with the year 1909, and to run for thirty years thereafter, in addition to a five-mill special tax for the purposes of the aforesaid public improvements.

From the foregoing, it will be observed, that no point is made against the legality or constitutionality of the special five-mill tax; or with respect to the number of votes which were cast in favor thereof.

## I.

The following propositions were submitted by the municipal authorities of the city of Alexandria through the instrumentality of an ordinance adopted by the Council on the 16th day of October, 1899, to-wit:

"1. To authorize the incurring of debt and issuing of negotiable bonds by said town to the amount of seventy-one thousand dollars, the said bonds to run for the period of forty years, and to bear interest at not more than five per cent. per annum.

"2. To authorize the levy of a special tax of five mills annually on the assessed valuation of the property of said town for the period of forty years to secure the payment, principal and interest, of said bonds; the said tax to run from and including the year 1900.

"3. To authorize the devoting of three and one-half mills of the general tax for the said town on the assessed valuation of the property of said town to further secure the payment of said bonds in principal and interest. The appropriation of the three and one-half mills of the general tax on the assessed valuation of the property of said town,

to commence and take effect from and including the year 1909; and to remain in effect for thirty years thereafter."

The objection urged to the form of the ballot used at the election is, that the foregoing three propositions were submitted as a unit, and not severally; that is to say, that the three propositions were so framed as not to be susceptible of being voted for separately—in other words, so as to enable a voter to vote for one and against another, thus compelling the voter to vote for all, or against all the propositions stated.

It is submitted upon the part of the defendant, that the ballot used is entirely unobjectionable. The following is the form of the ballot used:

"STATE OF LOUISIANA, :
"PARISH OF RAPIDES. :

ALEXANDRIA, Louisiana, December........1899.

\*          \*          \*          \*          \*          \*

"FOR.

"The following propositions submitted to a vote of the property tax-payers of the city of Alexandria, Louisiana, by ordinance adopted on the 16th day of October, 1899,"—quoting them.

\*          \*          \*          \*          \*          \*

"AGAINST.

"The following propositions submitted to a vote of the property tax-payers of the city of Alexandria, Louisiana, by ordinance adopted on the 16th day of October, 1899,"—quoting them.

\*          \*          \*          \*          \*          \*

"Name of voter...................
"Amount assessed $.............."

The contention of defendant's counsel is that the ballot contained "virtually one proposition, the bond issue. The vote for one or for two of the propositions would have been equivalent to a voting against the whole, as the city would have been powerless to do anything if either number one or two had been carried and number three defeated."

We think the large majority of the votes both in amount and number for the three propositions show, that it was clearly understood—

that it would have been of no use or advantage to the people unless the three were carried; besides, if any one had desired to vote for numbers one and two, and against number three, he could have written opposite number three the word "against."

We think this argument is perfectly conclusive against the objection urged to the form of the ballot.

The insistence of plaintiff's counsel is, that "a voter might have desired to vote for the bond issue, but against the five-mill tax, and the setting aside of the three and one-half mills of the general fund; or for the bond issue and the five-mill tax, but against the three and one-half mill appropriation; or for the bond issue and the three and one-half mill tax."

We think this contention is very well answered by the argument of defendant's counsel, which is to the effect that the entire proposition was a single one, only the bond issue *vel non.*

It is perfectly evident that if either the five-mill special tax, or the reservation of three and one-half mills from the general fund tax had been defeated, that the bond issue would have been a failure in its entirety.

## II.

The objection that the ordinance of date, October 16th, 1899, directing that a special election be held on the 20th of November, whereat the foregoing proposition was to be submitted to the electors within the limits of the city of Alexandria in pursuance of a petition and proclamation, was not preceded by a title explanatory of its substance, was a sacramental requirement the absence of which rendered said ordinance nugatory and void, can not be sustained.

The caption of the ordinance in question is as follows:

"ALEXANDRIA, Louisiana, October 16, 1899.

"The town Board of Aldermen met in special session at 5 o'clock P. M.

"On motion of Alderman Weill, the following ordinance was adopted:

"Whereas, a petition signed, etc."

After setting forth in full the proposition to be submitted to the voters, the ordinance concludes in the following words:

"Be it ordained by the Mayor and Board of Aldermen of the town of Alexandria that a special election be held and is ordered for the

20th of November, 1899, and the Mayor is authorized and requested to issue his proclamation for said special election," etc.

By comparison made with the statute, the language of the ordinance is found to be in exact keeping therewith, as will be shown by the following, to-wit:

"Be it further enacted, etc., That the style of all ordinances shall be; "Be it further ordained by the Mayor and Board of Aldermen of the city (town or village as the case may be) of ———— and all ordinances and allowances shall, as soon as practicable, be published, etc."

Section 33, Act 136 of 1898.

That statute provides "for the creation and government of municipal corporations throughout the State, and defining their powers and duties," etc. There is nothing in the statute indicating that the ordinance shall have any title such as the plaintiff insists upon, or, indeed, any other; and an attentive examination of Articles 232 and 281 of the Constitution of 1898, fails to disclose any provision upon the subject.

We are of the opinion that this objection is not tenable.

### III.

In addition to the three objections above outlined, as those upon which our decision must rest, counsel for plaintiff and appellant have submitted the following additional objection to the bond issue, for our consideration, to-wit:

That the proposed issuance of seventy-one thousand dollars of bonds by the city of Alexandria being substantially the full ten per cent. limit of the assessed valuation of its property, was illegal, because it appears that the city has an additional present indebtedness of more than thirty-three thousand dollars, no part of which is bonded, and which indebtedness existed at the time of the adoption of the Constitution.

Taken altogether, the proposition of the City Council is, to issue seventy-one thousand dollars of bonds predicated upon the five-mill special tax which has been authorized by a vote of the people, and, also, upon three and one-half mills to be annually reserved from the general fund taxes of the city for a period of time concurrent with the bond issue; and this, notwithstanding there is an existing indebtedness of the city of thirty-three thousand dollars, and which was in existence at the time of the adoption of the Constitution, the provisions of which authorized the issuance of bonds.

Callaghan vs. The Town of Alexandria.

The provisions of the Constitution on this subject are as follows, to-wit:

"Municipal corporations　*　*　* when authorized to do so by a vote of a majority in number and amount of the property tax-payers, qualified as electors under the Constitution and laws of this State voting at an election held for that purpose　*　*　* may incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed valuation of the property within said municipal corporation *　*　* as shown by the last assessment made prior to the submission of the proposition to the property tax-payers, as above provided, and may be authorized by the property tax-payers voting at said election, to levy and assess special taxes upon the property subject to taxation in the parish;　*　*　* provided said taxes so imposed do not exceed five mills on the dollar of the assessed valuation in any one year, nor run for a greater number of years than the number named in the proposition, submitted to the tax-payers.

"No bonds shall be issued for any other purpose than stated in the submission of the proposition to the tax-payers, and published for thirty days as aforesaid, nor for a greater amount than therein mentioned; nor shall such bonds be issued for any other purpose than for paving and improving streets, roads and alleys, purchasing or constructing a system of waterworks, sewerage, drainage, lights, public parks and buildings, bridges, and other works of public improvement, the title to which shall vest in the municipal corporation, etc." Constitution, Article 281.

From the foregoing it appears that it is only in pursuance of the authority of a vote of a majority in number and amount of the property tax-payers of a municipality that it may incur debt and issue negotiable bonds therefor; and that indebtedness and the issuance of bonds is specially restricted "to the extent of one-tenth of the assessed valuation of the property within said municipal corporation　*　*　* as shown by the last assessment made prior to the submission of the proposition to the tax-payers," etc.　And this article further provides that said taxes so imposed shall not exceed five mills on the dollar of the assessed valuation in any one year; and it also provides that no bonds shall be issued for any other purpose than is stated in the submission of the proposition to the tax-payers.

In this case it is admitted that the proposed issue of bonds is substantially equal to the full ten per cent. of the assessed valuation of

Callaghan vs. The Town of Alexandria.

its property; and that the special tax imposed is exactly five mills on the dollar of the assessed valuation of the property of the city.

It further provides that no bonds shall be issued for any other purpose than that stated in the submission of the proposition to the taxpayers; but the municipal authorities have gone further and proposed to reserve three and one-half mills annually of the general fund taxes of the city to be applied to the payment of the bonds, and the reservation to run concurrently therewith.

In our opinion this can not be done. The action of the City Council is manifestly unconstitutional. Not only so, but it is evident that the city being indebted to the extent of thirty-three thousand dollars, in addition to the seventy-one thousand dollars of bonds, which it proposes to issue, is clearly without right to set apart three and one-half mills of its ordinary general fund taxes annually, and for a series of years in the future to be consecrated to the payment of the bonds.

On this showing, it is evident that the city requires its entire alimony to pay current indebtedness, and to make provision to meet its existing indebtedness. The city is without power or constitutional authority to rest its bond issue. in any part upon this reservation of three and one-half mills of general fund taxes; particularly in view of its large present indebtedness which seems to have been in no way provided for.

It is within the knowledge of this court that frequent discussions have taken place in regard to the legality of bond issues by municipal corporations; and it is fair to presume that the constitutional convention had this difficulty in its mind when the provisions quoted were incorporated in the organic law.

In our view those provisions are clear, explicit, and susceptible of but one interpretation, and that is, that the debt to be secured must be contracted subsequent to the action of the voters authorizing the levy of a special tax, that bonds can only be predicated upon such special tax, and same must be limited in amount to the extent of one-tenth of the assessed valuation of its property within the municipal corporation, and shall not exceed five mills on the dollar of the assessed valuation of its property in any one year.

Entertaining this view, we feel bound to hold, that the judgment of the District Court was erroneous and must be set aside.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the injunction sued out by the plaintiff be and the same is hereby reinstated and maintained at the cost of the defendant in both courts.