LAND, J.
This is a suit to compel defendants to comply with their contract to purchase certain “waterworks and electric light extension bonds” to be issued under ordinance, pursuant to a proposition adopted by a vote of the property taxpayers under article 281 of the Constitution of 1898 and Act No. 145, p. 248, of 1902.
Defendants urge a number of grounds of nullity against the constitutionality and le *235 gality of the proposed bond issue. The first ground is based on the following admitted facts, viz.: In 1900, under article 281 of the Constitution of 1898, the property taxpayers of Crowley authorized the municipal authorities to incur a debt of $20,000 for the construction of a school building, to issue 20 bonds of $1,000 each, with interest maturing respectively in 1902 and annually thereafter until the whole issue is paid, to represent said debt, and to levy and assess a special tax of 2% mills yearly for 20 years on all the taxable property in the town, to pay said bonds in principal and interest. The said bonds were issued, and the said special tax was levied and collected for the years 1901 and 1902. Two of the bonds have.been paid.
The bond issue in controversy amounts to $100,000, and the special tax voted is at the rate of five mills per annum. In brief, the question is whether under article 281 of the Constitution of 1898, the aggregate special taxes for the purposes therein named can exceed five mills for any one year. Said article provides that the municipal corporation, when properly authorized by vote of taxpayers, “may incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed value of the property within said municipal corporation,” and may be authorized, by the property taxpayers voting at said election, to levy and assess special taxes upon property subject to taxation, “provided said taxes so imposed do not exceed five mills on the dollar of assessed value in any one year.”
This article provides two limitations, one on the power to incur debt and issue bonds, and the other on the power of taxation. The issue of bonds must be restricted to and rest upon the special tax authorized by the vote of the property taxpayers. Callaghan v. Alexandria, 52 La. Ann. 1013, 27 South. 540. If the issue of bonds be restricted to the ability of the municipality to meet them with the proceeds of the special tax of five mills, then there will be no difficulty in the working of the provisions of article 281. In the case at bar the proceeds of a five-mill tax will not suffice to meet the two bond issues. To meet this difficulty it is proposed to levy a special tax of five mills to meet the last bond issue, to be collected concurrently with the previous special tax of 2% mills. Thus the aggregate special taxes imposed in the same year will amount to 7% mills on the dollar. The fallacy in plaintiff’s contention is the assumption that the rate of taxation is governed and controlled by the power of the town to incur debt and issue bonds. This might be logically inferred if the limit of taxation had not been fixed by the Constitution. The mandate that the special taxes imposed shall not exceed five mills on the dollar “in any one year” is .imperative. As a single special tax must be uniform, and cannot vary from year to year, the limitation applies to two or more special taxes levied concurrently and collected during the same year. As the greater includes the less, the limitation operates also on the single tax. It is our plain duty to enforce the constitutional prohibition.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now, ordered and decreed that plaintiff’s demands be rejected and this suit'be dismissed, plaintiff to pay costs in both courts.