For these reasons the judgment is hereby affirmed.

PROVOSTY, J., dissents.

———

(40 South. 785.)

No. 15,904.

116   428
f125   729
125  1005

FLORES et al. v. POLICE JURY OF DE SOTO PARISH et al.

(May 7, 1906.)

1. SCHOOLS AND SCHOOL DISTRICTS—SPECIAL TAX ELECTION.

In a special election for voting a special tax in aid of public schools, under article 232 of the Constitution of 1898, the names of the taxpayers and the valuations of property were properly taken from the current assessment of the year that had become final, although the

rolls had not been transcribed and filed by the assessor.

**2. SAME.**

The provisions of article 270 of the Constitution of 1898 relative to quasi public improvements or railway enterprises have no application to special tax elections held under article 232 for purely public purposes.

**3. SAME—IRREGULARITIES.**

A special election will not be set aside for irregularities which do not affect the fairness of the election or its result.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Action by C. H. Flores and others against the police jury of De Soto parish and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Pegues & Thorp, for appellants. James Wilson Parsons, Dist. Atty. (James Haskins Sutherlin, of counsel), for appellees.

LAND, J. This is a suit to annul and set aside a special election held in a public school district in the parish of De Soto on August 11, 1905, for the purpose of voting on a proposition to levy a special tax of five mills on the dollar for five years in aid of the construction of a public schoolhouse and of the support of public schools in said district. Plaintiffs' petition was dismissed on an exception of no cause of action, and they have appealed.

The first ground that the commissioners and clerk of election were not appointed from lists furnished by the opposing parties or factions, as required in general elections, is without merit.

The second ground of objection is more serious. It is alleged that the election was held on the basis of the incomplete assessment rolls of 1905, instead of the assessment rolls of 1904.

Article 232 of the Constitution of 1898 provides that the question of the levy of a special tax of this kind shall be submitted to a vote of the property tax payers of the school district entitled to vote under the election laws of the state, and that a majority in numbers and value voting at such election shall control. The law contemplates that the voter shall be a property tax payer at the date of the election. Of course, this qualification can be shown only by an assessment.

If, however, the voter has been assessed, and the assessment is final as to him, the circumstance that the assessment roll has not been filed is without significance. We know that in the country parishes the listing and valuation is completed prior to August 1st of each year. The transcription of the lists and the filing of the rolls cannot affect the assessment of property already made, and final unless reversed by judicial action.

The petition does not allege that any of the voters were not taxpayers at the date of the election.

The contention of plaintiff is based on the law governing special elections relative to special taxes in aid of public improvements or railway enterprises, as set forth in article 270 of the Constitution of 1898, as follows:

"That no taxpayer shall be permitted to vote at such election unless he shall have been assessed, in the parish, ward or municipality to be affected, for property the year previous."

The framers of the Constitution of 1898 intentionally divorced articles 232 and 270, and in the latter imposed more onerous restrictions on the voting of special taxes. Under article 232 a majority in numbers and value voting at the election controls, while article 270 requires a vote of the majority of the property taxpayers in number and in value entitled to vote under the provisions of the Constitution, and adds the proviso above noted, which excludes taxpayers appearing for the first time on the current assessment. The object of this proviso was to prevent the padding of the rolls with the names of tax-

payers listed for the purpose of voting special taxes for quasi public improvement or railway enterprises.

The framers of the organic law never intended to permit persons to vote who are not taxpayers at the date of the election. Of course, the assessment of the previous year must govern, where no assessment has been made for the current year; but, where the latter has been made, it necessarily determines who are taxpayers and the values to be voted.

Any other construction would permit a taxpayer of the previous year to vote, although he was not a taxpayer at the date of the election. The proviso of article 270 requires the voter to be a taxpayer, not only at the date of the election, but for the previous year. This additional qualification is not required of a taxpayer voting under article 232 in aid of public schools and of public works and improvements properly so called.

Articles 232 and 270 are plain and free from the ambiguity and obscurity of the corresponding articles 209 and 242 of the Constitution of 1879, which led this court by a bare majority to construe them together as laws on the same subject-matter. Citizens, etc., of De Soto Parish v. Williams, 49 La. Ann. 422, 21 South. 647, 37 L. R. A. 761.

The final objection that the valuation of taxable property was not taken from the original rolls of 1905, but from a memorandum prepared therefrom by the deputy assessor, does not disclose any prejudice, and is devoid of merit.

Judgment affirmed.