LAND, J.
This is a suit instituted by certain taxpayers in school district No. 1 of the parish of Iberville against the school board, the police jury, and the tax collector of said parish, to have a certain ordinance of the police jury decreed null and void, and to enjoin the tax collector from collecting special taxes thereunder, and to restrain the school board from issuing negotiable bonds.
In December, 1909, one-fifth of the property taxpayers of said school district No. 1 petitioned the police jury of the parish of Iberville to order a special election for the purpose of submitting to property taxpayers within said school district propositions as to whether or not they would authorize the police jury to assess, levy, and collect annually from year to year, for a period of 10 years, a special tax of five mills on the dollar on all the assessable property situated in said district, until the sum of $80,000 be collected for the purpose of purchasing a site and erecting thereon a school building, and for the further purpose of paying the interest on negotiable bonds to the amount of $60,000, bearing 5 per cent, per annum interest, and running for a period of 10 years.
The police jury ordered an election as prayed for, and the election was held in January, 1910, The propositions submitted by the taxpayers were carried by a large majority of the votes cast, both in number and amount. Thereupon the police jury adopted an ordinance promulgating the result of said election, levying the special five mill tax for 10 years, and authorizing the parish board of school directors to incur an indebtedness and to issue negotiable bonds to the amount of $60,000.
The school board adopted a resolution appointing a committee to sell the negotiable bonds as authorized by the police jury ordinance, and the committee advertised for bids.
The grounds of nullity set forth in the petition are that illegal votes were received in favor of the propositions submitted by the taxpayers, and that legal votes against said propositions were rejected, and that the ballot used in said election was so arranged as not to permit the voters to vote separately, for or against the special tax, and for or against the issuance of bonds. On the issues thus raised there was judgment in favor of the defendants, and the plaintiffs have appealed.
In this court the appellants have assigned as error patent on the face of the record the additional grounds:
(1) That the election should have been called by the school board, and not by the police jury.
(2) That no provision was made for the retirement of the bonds at maturity.
[1] These issues were not raised jn the court ’below, and to entertain them would be tantamount to an allowance of an amendment of the pleadings in this court. A party who contests the result of a special tax election on specific grounds is limited to those grounds, and will not be permitted to enlarge them, under a general allegation of “other illegalities and irregularities.” See Smith v. Parish Board of School Directors, 125 La. 987, 52 South. 122. On the trial of the case the evidence adduced by the plaintiff was limited and restricted by the court to the issues as presented by the pleadings.
[2] It is admitted that the votes improperly received and improperly excluded would not have changed the result of the election. As the commissioners acted in good faith, the *425 election should not be set aside for their errors of judgment. Smith v. Parish Board, supra; Flores v. Police Jury, 116 La. 428, 40 South. 785.
[3] The objection to the form of the ballot is answered by the reasoning of the court in Callaghan v. Town of Alexandria, 52 La. Ann. 1013, 27 South. 540, as follows;
“We think this contention is very well answered by the argument o£ defendant’s counsel, which is to the effect that the entire proposition was a single one, only the bond issue vel non. It is perfectly evident that, if either the special tax or the reservation of 3% mills from the general fund tax had bpon defeated, the bond issue would have been a failure in its entirety.”
This seems to us to be a common-sense view of the situation. While it is true as an abstract proposition that the tax may have been authorized without the bond issue, such a tax without a bond issue would have defeated the purpose of the taxpayers to provide funds for the immediate construction of a high school building. The evidence shows that no one voting or offering to vote at the election expressed the wish to vote for the levy or bonds, or vice versa; but ali voted for or against the proposition as a whole as printed on the ballots. There is not a title of evidence to indicate that any elector was prejudiced in his right to vote for or against the tax or the issue of bonds by the form of the ballot. The votes pro and con showed that the voters considered that there was but one proposition submitted at the election.
Judgment affirmed.
PRQYOSTY, J., dissents.