PROVOSTY, J.
At about 1 o’clock on a Sunday morning, a fire occurred in the town of Mansfield which destroyed all the buildings upon a certain block of which the defendant is part owner, all of which were wooden. The fire might have spread much more than it did if the direction of the wind had been different. This gave the townspeople a scare, and set them to talking ab:out establishing fire limits. The defendant, no doubt from having heard this talk, and with a view to cut ahead of the town authorities, set about at once, in the forenoon of that same Sunday, to purchasing lumber and making arrangements for rebuilding; and early Monday morning had carpenters at work beginning the construction of a wooden building. While he was doing this, the town council was meeting and enacting an ordinance establishing fire limits that included the block in question; and in the forenoon of Monday the defendant was verbally notified by the town marshal of the ordinance having been adopted. The ordinance was not a law, however, until promulgated, and this could not be done until the next publication of the local newspaper. Meantime defendant went on with the construction of the wooden building as rapidly as he could; and as soon as possible after the promulgation of the ordinance the present suit was brought enjoining his further progress.
[1] He contends that the ordinance violates article 31 of the Constitution, requiring that every law have but one object, and that it be expressed in its title.
This provision applies only to the Legislature, not to town councils. Callaghan v. Alexandria, 52 La. Ann. 1013, 27 South, 540.
[2] Next he aontends that it is hn ex post facto law.
An ex post facto law is a law which retrospectively makes an act criminal. Locke v. N. O., 4 Wall. 172, 18 L. Ed. 334. Defendant is not being prosecuted for crime. Though, by the way, he makes this fact also a ground of attack upon this ordinance, which contains provisions (not now sought to be enforced, however), denouncing penalties for its violation.
[3] He next contends that it violates the obligation of contracts; but of what particular contract the obligation is violated he does not say, and we do not know.
[4] He next contends that the ordinance is unreasonable, and that it is discriminatory in that certain blocks presenting the same fire conditions as that of which he is part owner are not included within the fire limits. Even in a ease where the court will look into the reasonableness of an ordinance, it will *13 do so only very cautiously; the jus discendi as to what measures are appropriate and needful for the protection of the public being vested under our system of government primarily in the local Legislature. Fire protection in towns is so clearly within the province of the police power that it would require a very strong showing of pure arbitrariness, indeed, to induce a court to interfere with an ordinance purporting to have that object in view. The present case is so manifestly not one of that character that mention, or dwelling upon, the facts beyond what has been done already, would be pure waste of time.
The judgment appealed from is set aside, and the injunction is made perpetual. The defendant to pay all costs.