ROGERS, J.
This is a mandamus proceeding by a resident and taxpayer of the parish of Jefferson to compel the board of *1009 school directors and the assessor of said parish to cancel and erase, from the assessment rolls for the year 1922 and subsequent years a special tax of 1% mills levied by the board of school directors for the purpose of paying the principal and interest of $400,009 public improvement school bonds under the authority of a vote of the majority of the property tax paying electors of school district No. 1, embracing the whole parish. The obligation was incurred for the purpose of building and equipping new schools and to make extensions to existing school buildings.
Relator, while admitting the legality, in all other respects, of the proceedings under which the bonds were issued, attacks as unconstitutional the authority of the board of school directors to create the whole parish of Jefferson into one school district.
Respondents invoked, in limine, the prescription of 60 days as provided by paragraph (n) of section 14 of articlé 14 of the Constitution of 1921. This plea having been overruled, respondents answered, averring, substantially, that the l^oard of school directors, as the governing authority in all such matters, created a school district out of the whole parish of Jefferson, called and held the election for the purpose of incurring the debt and issuing the bonds for the purpose of building and equipping the necessary school buildings to further the education of the children of the parish, and that all of the said actions and proceedings were regular, legal, and constitutional.
There was judgment in favor of respondents, and relator has appealed.
There is no merit in the contention that the school board was without legal authority to create one school district embracing the whole parish. Act 152 of 1920, in express terms, confers this right. There is no constitutional inhibition of this power. The Constitution does not create, nor does it designate, the method of establishing school districts. The matter is left entirely to the Legislature.
The debt was incurred and the bonds issued under the provisions of paragraphs (a) and (b) of section 14 of article 14 of the Constitution. These are the only provisions referring to school districts, and they clearly relate to school districts existing or to be thereafter created in accordance with existing laws or laws subsequently enacted.
The Constitution does not declare what shall constitute a municipal corporation, a parish, a school, a road, a subroad, a sewerage, a drainage, or a subdrainage district. It merely designates them as subdivisions of the state and grants to them certain powers and authority. The method by which these agencies may be created and the territory to be embraced therein are matters for legislative action. The only restriction imposed upon any of these subdivisions is found in paragraph (c) of the section, which prohibits the creation of the whole territory of a parish into a single road district. As there is no territorial restriction relative to the other subdivisions, which include school districts, referred to in section 14 of article 14 of the Constitution, it necessarily follows that the matter is one exclusively for the Legislature. “The powers of the Legislature beyond the limits imposed by [the federal and state] Constitutions are unlimited.” Sheppard v. Dowling, 127 Ala. 1, 28 South. 791, 85 Am. St. Rep. 68.
It is our conclusion, therefore, that the board of school directors of Jefferson parish was well within its legal and constitutional powers in creating the whole parish into one school district. In this view of the case it is unnecessary for us to pass upon the plea of prescription herein filed by respondents.
The judgment appealed from is therefore affirmed.