LAND, J\
 

 Plaintiffs are taxpayers and duly qualified electors residing in the Hessmer school district No. 6 of the parish of Avoyelles.
 

 The present suit has been brought to annul and set aside a resolution of defendant school board of date March 3, 1925, creating said district.
 

 Plaintiffs attack also, as null and void, the resolution of said school board of date July 15, 1926, ordering a special election in said district on August 17, 1926, and submitting a proposition to the taxpayers and duly qualified electors to incur an indebtedness of $60,000, and to issue 25-year bonds, bearing 6 per cent, per annum interest.-
 

 Plaintiffs assail also the validity of the special election held under said resolution.
 

 The judgment of the lower court maintained the legality of the resolutions creating the school district; and ordering the special election, and also of the special election. Plaintiffs have appealed.
 

 The attack made by plaintiffs upon the resolution creating the Hessmer school district No. 6 is based upon the following grounds:
 

 First. That said resolution fails to state, the purpose for which said school district was created.
 

 Second. That said resolution “fails to invest said school district with the power of special taxation, as is provided by Act 152 of 1920.”
 

 Third. That said resolution “undertakes to create said district out of a portion of the Fourth ward of the parish of Avoyelles, without providing for the taking of a census and enumeration and assessment of said district.”
 

 Fourth. That defendant school board “should have given the creative resolution a title indicating its object.”
 

 1. The answer to the first ground of objection urged against the resolution creating the Hessmer school district No. 6 of Avoyelles parish is that Act 152 of 1920 does not require that the resolution creating a school district shall state the purpose for which it has been created.
 

 As a matter of law, and of common experience, it is well known that school districts are created for the purpose of levying special taxes, and of incurring debt and issuing bonds for the various school purposes enumerated in the Constitutions of the state. Const. 1913, arts. 232, 281; Const. 1921, § 10, art. 10, sections 14(a) and 14(b), art. 14; Act 46 of 1921 (Ex. Sess.) § 8.
 

 The rate, purpose, and duration of any special tax for school purposes must be submitted to the property tax payers, and decided finally by a majority of them in number and amount. The property tax payers must deter
 
 *261
 
 mine at a special election also the amount, if within constitutional limits, and the .particular purpose, if authorized, for which debt is to be incurred and bonds are to be issued for •school purposes. (See articles cited above.)
 

 As Act 152 of 1920 places no limitation, .as to purpose, upon the creation of a school district, a district when established must be recognized as intended for all of the school purposes enumerated by the Constitution of the state.
 

 The school board of Avoyelles parish, ás the governing authority, created “the Hessmer school district No. 6, Avoyelles parish, Louisiana,” and defined its limits by resolution adopted March 3, 1925.
 

 The lines of the district were run by a surveyor, and embrace within their boundaries that portion of the Fourth ward of the parish of Avoyelles not comprised in the Marksville district No. 8, which includes, in part, approximately 1,440 acres, with improvements in the northern part of ward 4.
 

 .The resolution creating the Hessmer school district was duly published as required by law. In our opinion, all of the essentials and formalities required by law have been complied with by defendant board in the creation of the school district in question.
 

 2. Long prior to the passage of Act 152 of 1920, the Constitution of 1913 had conferred upon the various school districts, to be cre'ated in the state after its adoption, the express power to levy special taxes and to incur debt and issue bonds for the purposes, and within the limitations, prescribed in articles 232 and 281 of that instrument.
 

 The Constitution of 1913, however, did not pretend to define, in either of these articles or elsewhere, the territorial limits of a school district, but merely referred to such districts as “subdivisions of the state,” and left to the Legislature the duty of providing for the establishment of these districts through the action of. their governing authorities. State ex rel. McCune v. Board of School Directors, 152 La. 1008, 95 So. 104.
 

 The title of Act 152 of 1920 reads as follows:
 

 “An act authorizing parish school boards of the several parishes in the state, * * *
 
 in connection with powers of special taxation for school purposes,
 
 to create school districts at any time,” etc.
 

 Section 1 of this act confers the power' upon a parish school board “to create at any time school districts composed of the parish, as a whole, of any ward, or any two or more wards, or parts thereof, or of any other part or parts of the parish,” etc.
 

 Section 2 contains prohibitions against the creation of overlapping school districts by school boards.
 

 Section 3' designates the parish school board as the governing authority of the school district or districts which it may create, “with exclusive power to order, conduct, and hold all elections in the respective districts, for the purpose of voting special school taxes and to do and perform all things necessary in the premises,” etc.
 

 Section 4 repeals Act 81 of 1918 and Act 17 of 1914 and all laws or parts of laws in conflict with any of the provisions of the act.
 

 There is no requirement found in any section of Act 152 óf 1920 that a school board, in the resolution creating á school district, shall clothe such district with the power of special taxation.
 

 School districts are created, “in connection with powers of special taxation for school purposes,” since the sole reason for the existence of a school district as a political entity is that its governing authority may levy special taxes for the benefit of the public schools within its limits.
 

 The plain purpose of Act 152 of 1920 is to provide for the creation of school districts,
 
 *263
 
 and for the governing authorities of such districts, and to define their powers, as a necessary incident to the levy of special taxes for school purposes.
 

 The source of the special taxing power which a school district may enjoy is found, howbver, not in the resolution of its creation but in the fundamental law of the state, and in the acts of the Legislature enacted in pursuance thereof.
 

 It would be an act of supererogation upon the part of the Legislature to require the investiture of a school district with the power of special taxation in the resolution creating it, since such power is granted expressly to school districts, both by section 10 of article 10, and section 14(a) of article 14, of the Constitution of 1921, and by Act 46 of 1921 (Ex. Sess.) § 35.
 

 3. Nor does Act 152 of 1920 require, as a condition precedent to the formation of a school district, that a census and enumeration and assessment of said district should be made in advance.
 

 No such provision is found in the act. A sufficient provision on this subject, however, has been made in section 14 of Act 46 of 1921 (Ex. Sess.), as follows:
 

 “The registrar of voters shall furnish to the election commissioners appointed to hold such elections a list of the taxpayers entitled to vote, together with the valuation of each taxpayer’s property, as shown by the assessment roll last made and filed prior to such election,” etc.
 

 Such a list was furnished by the registrar of voters to the commissioners of the special election held in the present case, and is duly certified by the registrar as “a true and correct list of the-taxpayers entitled to vote at the special election to be held in school district No. 6, Louisiana, on the seventeenth day of August, 1926, together with the valuation of each taxpayer’s property as shown by the assessment roll for the year 1925, being the last assessment roll made and filed by the board of state affairs and on record prior to the said election.”
 

 The special election in this case was held under Act 46 of 1921 (Ex. Sess.), and is controlled by the provisions of this act, which were complied with in the present case
 

 4. The contention that the resolution creating the Hessmer school district No. 6 should have a title indicating its object, like a legislative act, is not well founded. The constitutional requirement that every law shall have but one object, and shall have a title indicative of such object applies only to the Legislature, and not to police juries, town councils, or school boards. Walters v. Duke, Tax Collector, 31 La. Ann. 668; Callaghan v. Town of Alexandria, 52 La. Ann. 1013, 27 So. 540; Town of Mansfield v. Herndon, 134 La. 10, 63 So. 606.
 

 5. Plaintiffs attack the special election held in this case as null and void on the ground that.the debt and the tax for its payment are in excess of the limitations of section 14(f) of article 14 of the present Constitution.
 

 The bonded indebtedness to be incurred is the sum of $60,000. The assessment for the year 1925 is the last assessment of all of the property in the Fourth ward of the parish of Avoyelles made prior to the special election held in this case, and shows a total valuation of $746,965. Deducting'from this amount the assessment for the year 1925 of 1,440 acres with improvements in the northern part of the Fourth ward, included in the Marksville school district No. 8, there is left a valuation of $710,000 for all of the property within the Hessmer school district No. 6 in said ward.
 

 It is clear that a debt of $60,000 does, not exceed in the aggregate 10 per cent, of the assessed valuation of the taxable property of .the -Hessmer school district No. 6 for the year 1925, and is within the constitutional
 
 *265
 
 limit as to the-bonded indebtedness to be incurred.
 

 As defendant school board has not yet imposed a tax to pay the interest and principal falling due each year on the bonds, authorized at the special election, the issue as to such tax being excessive cannot be considered. Const. 1921, section 14(a) of article 14.
 

 6. The final contention of plaintiffs is that the special election is null and void on the ground that said election was held without a registrar’s list of persons qualified to vote.
 

 Plaintiffs allege that the list of voters, with their assessments, was of another subdivision than the Hessmer school district No. 6, and was made of voters in the Fourth ward of the parish of Avoyelles and of their assessments in that ward. The registrar’s list of voters and of taxpayers, offered by plaintiffs themselves, contradicts this allegation. Not only does this list show the names of the voters, their ages, and the individual amount of assessment of each, as voters and taxpayers residing in the Hessmer school district No. 6, but the certificate of the district clerk, annexed to the list, also shows that it is “the same furnished by the registrar and taken from the ballot box used in said election.”
 

 The division line between the Hessmer school district No. 6 and the Marksville school district No. 8 was pointed out to the registrar of the voters by Messick, the surveyor who had run the line. With the registration books of the two precincts in the Fourth ward in his hands, the registrar repaired to the division line separating the two school districts, and checked each voter living within the limits of the Hessmer school district No. 6, and later obtained the valuation of his property from the rolls of the assessor. The list of voters, as well as the list of valuations made by the assessor, was proven correct on the trial of the case.
 

 Judgment affirmed.