BRUNOT, Justice.
 

 This is an appeal from a judgment in favor of the plaintiffs and against the defendant, decreeing that a mandamus issue herein commanding the defendant and its officers “to issue a permit for the construction of a two story brick veneer building at 704 Second St., in Natchitoches, Louisiana, in accordance with the plans and specifications submitted to defendant on March 25, 1935,” and taxing the defendant with the costs of the suit.
 

 Some time prior to the plaintiffs’ application to the city commissioners of Natchitoches for a permit to erect a building, according to the plans and specifications attached to their application, at No. 704 Second street, in that city, the city commissioners adopted an ordinance establishing an inner fire limits within a defined area of the municipality’s territorial limits. The site on which the plaintiffs propose to erect their building is within the established inner fire limits. The ordinance is as follows: p
 

 “Be It Ordained by the Mayor and City Commissioners of the City of Natchitoches, Natchitoches, La., as follows;
 

 “Section L
 

 “Fire Limits: There shall be and is hereby established an inner fire limits, which shall include all the territory in the congested value district to-wit:
 

 “Beginning at the South Side of Lafayette St. to the South side of Trudeau and the East Side of Front St. to the west side of Second St. -thence from the south side of Sibley St. to the south side of Trudeau from the west side of Second St. to a depth of one half (%) of the block to the west running parallel to Second St. and from the south side of Trudeau to the North line of Touline St. for a depth of 225 feet from the west side of Front Street.
 

 —and that the above named portion of the City be known and designated as a ‘Fire District’ and that hereafter no wooden or frame building of any description shall be erected in the city within the above designated Fire District.
 

 “Section 2.
 

 “Be it further ordained, etc., that hereafter no repairing of any kind shall be made to any wooden building already erected in the above designated district
 
 *929
 
 unless same is sanctioned and authorized by the Building Inspector and the Mayor.
 

 “Section 3.
 

 “Be it further ordained, etc., that every building hereafter erected or when any of the wooden buildings now existing, in the designated Fire District are repaired or altered the building so erected or repaired or altered shall be enclosed on all sides with walls constructed wholly of stone, well burned brick, terra cotta, concrete or other equivalent incombustible materials and shall have the roofs, top and sides of all roof structures, including dormer windows, covered with incombustible material. All cornice shall be of incombustible material.
 

 “Section 4.
 

 “Be it further ordained, etc., that any existing frame building, within the designated Fire district, which may hereafter be damaged by fire, decay or otherwise to an amount greater than one half of its présent value, exclusive of foundation, shall not be repaired or rebuilt but shall be removed.
 

 “Section 5.
 

 “Be it further ordained, etc., that no wall, structure building or part thereof shall hereafter be built enlarged or altered within the corporate limits of the City, until a plan of the proposed work, together with a statement of the materials to be used, shall have been submitted to the Building Inspector, or designated official, who shall, if in accordance with the provisions herein contained, issue a permit f'or the proposed construction.
 

 “Structures hereafter erected without permit, or not in accordance or conformity with this ordinance shall be removed.
 

 “No building shall be moved until a permit has been obtained from the building inspector or other designated official and such official shall not issue a permit if in his judgment the proposed new location of the building would seriously increase the fire hazard of the surrounding buildings.
 

 “No chimney, flue or furnace, boiler or other heating apparatus shall be installed, repaired or altered without first obtaining a permit from the Building inspector or other designated official who shall issue each permit only when the proposed change or installation is in accordance with the Building Code of the La. Fire Prevention Bureau.
 

 “Section 6.
 

 “Be it further .resolved, etc., that all persons, firms or corporations within the incorporated limits of the city wishing to do any repair, alteration or building shall make formal application to the Secretary of the City, submitting plans in detail, showing the location of the building, nature of same, approximate cost, party or parties who will do the work and any other information which the Building inspector or other designated official might deem necessary. The Secretary will then submit the plans to the Building Inspector or other designated official and if approved by
 
 *931
 
 him and the Mayor he (the secretary) will then issue permit for the work, and said permit and plan must not be changed or altered without securing a special permit to do so.
 

 “Section 7.
 

 “Be it further resolved, etc., That duties of Enforcing Officer — The Chief of the Fire Department or other designated official is hereby authorized and empowered
 

 “First; To enforce all ordinances relating to the construction, equipment, management and condition of all property within said town or village.
 

 “Second; To supervise the construction or reconstruction of all buildings.
 

 “Third; To report monthly to the Mayor or City Council regarding the condition of the town on all matters pertaining to fire prevention.
 

 “Section 8.
 

 “Be it further resolved, etc., — Penalty for violations — Any and all persons who shall violate any of the provision of this ordinance or fail to comply therewith, or who shall violate or fail to comply with any order or regulation made thereunder or who shall build in violation of any detailed statement of specifications or plans submitted and approved thereunder, or any certificate or permit issued thereunder shall severally for each and every such violation and non-compliance respectively forfeit and pay a penalty in the sum of Twenty five ($25.00) dollars. The imposition of one penalty for any violation of this ordinance shall not excuse the violation or permit it to continue; and such persons shall be required to correct or remedy such violations or defects within a reasonable time; and when not otherwise specified, each ten days that prohibited conditions are maintained, shall constitute a separate offense.
 

 “The application of the above penalty shall not be held to prevent the enforced removal of prohibited conditions, as provided in Section 3 of this ordinance.
 

 “Section 9.
 

 “Be it further ordained, etc., All ordinances or parts of ordinances inconsistent herewith are hereby repealed.
 

 “Section 10.
 

 “Be it further ordained, etc., that this ordinance shall take effect and be in force from and after its passage.”
 

 The plaintiffs’ application for a building permit was filed with the proper officer. Some time thereafter and following several conferences with the applicants, their application for a permit to erect the proposed building on the particular site designated in the application was refused and this suit was filed.
 

 The plaintiffs attack the constitutionality of the ordinance, but their prayer is in the alternative. They first pray that the ordinance be declared unconstitutional
 
 *933
 
 and that the city be enjoined from interfering with plaintiffs in the erection of their building, or, in the alternative, that the city be ordered to issue the plaintiffs the permit they applied for.
 

 The appellees have answered the appeal and pray for an affirmance of the judgment, or that the ordinance be declared unconstitutional.
 

 The case was submitted on briefs and without argument. The facts are set forth in a stipulation of counsel which appears in the transcript on pp. 24, 25, and 26.
 

 The constitutionality of the ordb nance is attacked upon eight alleged grounds, but on the trial of the case the plaintiffs offered no evidence whatever in support of said grounds. As is correctly said in the brief of the city attorney:
 

 “Act 234 of 1908, as amended by Act 237 of 1920, of the Louisiana Legislature provides that municipalities of more than 500 population may establish fire limits. * * * That the constitutional requirement that every law shall have but one object, and shall have a title indicative of such object, applies only to the legislature and not to police juries, town councils or school boards. See Walters v. Duke, Tax Collector, 31 La. Ann. 668; Callaghan v. Town of Alexandria, 52 La. Ann. 1013, 27 So. 540; Town of Mansfield v. Herndon, 134 La. 10, 63 So. 606; Shreveport v. Dantes, 118 La. 113, 42 So. 716, 8 L. R. A. (N. S.) 304; New Orleans v. Ricker, 137 La. 843, 69 So. 273; and Gauthier v. Parish School Board of Parish of Avoyelles, 165 La. 256, 264, 115 So. 479.”
 

 Inasmuch as no evidence was offered by plaintiffs tending to show that the ordinance attacked is unconstitutional for any reason, that contention necessarily falls.
 

 Finding that the adoption of the ordinance was a proper exercise of the powers of the city commissioners, it only remains to ascertain if the plans and specifications of the building the plaintiffs propose to erect comply with the requirements of the building ordinance.
 

 Section 3 of the ordinance provides that the roof, top, sides, roof structures, dormer windows, and all cornice shall be of incombustible material. The plans and specifications of the plaintiffs’ proposed building, which are attached to their application for a permit, do not provide for the use of incombustible material in the dormer windows, roof structures, and cornice of the building. It is no doubt for this reason that the building permit was refused. Plaintiffs seek to escape from the failure of their specifications to comply with the provisions of the ordinance by attempting to show that after the passage of the ordinance that it was not strictly enforced. The agreed statement of facts does not fix any date when buildings were erected or repaired within the fire limits of the city; hence there is no proof in the record that the officials of Natchitoches have been lax in enforcing the provisions
 
 *935
 
 of the ordinance, but even ■ if there was such proof, it could not, except from an equitable standpoint, be of any value at all, and as equity can only avail one in the absence of positive law, the plaintiffs cannot complain.
 

 For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and- it is now decreed that this suit be dismissed at plaintiffs’ cost in both courts.