309 So.2d 730 (1975)
Mary Glory, wife of and Harry C. BODE
v.
The PARISH OF JEFFERSON et al.
No. 6719.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Roy L. Price, Metairie, for plaintiffs-appellees.
Alvin Rudy Eason, Parish Atty., James O. Manning, Asst. Parish Atty., for defendants-appellants.
Before LEMMON, SCHOTT and BEER, JJ.
LEMMON, Judge.
The Parish of Jefferson has appealed from a judgment ordering the issurance of the building permit requested by Mr. and Mrs. Harry Bode. Constitutional issues of due process and equal protection are presented as to the Parish's denial of the permit to use the property for lawful purposes.
The Bodes own two vacant building sites fronting on Martin Behrman Walk in Jefferson *731 Parish. Martin Behrman Walk is a strip of ground, approximately 15 feet wide, which was dedicated to public use many years ago. The validity of the dedication, as shown on a plan attached to a 1914 notarial act, was upheld in Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965).
A number of lots in Canal Street Subdivision front on the west side of Martin Behrman Walk. To the east are the rear lines of lots comprising another subdivision. At the present the portion of Martin Behrman Walk lying between Toulouse Street and Veterans Highway does not have such off site improvements as street surfacing, water, gas or sewerage, except from the first 150 feet from Toulouse Street.
At the corner of Martin Behrman Walk and Toulouse Street is an apartment building which faces Toulouse Street. Behind the apartment building is a residence which fronts on Martin Behrman Walk and bears Municipal Number 610. Next to this residence are the Bodes' lots, which commence 150 feet from the corner of Toulouse Street. The utilities and shelled street end at the point where the Bodes' property begins.
The record further establishes that Martin Behrman Walk is open on the north side of Veterans Highway, where it serves as a narrow, one-way street, on which numerous residences front.
The Parish rejected the Bodes' application for a permit on the grounds that (1) Martin Behrman Walk was a walkway and not a street and did not meet the 50-foot minimum requirement of Section 18-7 of the Jefferson Parish Code of Ordinances; (2) the off site improvements were not installed; and (3) the street was too narrow for the maneuvering of fire and garbage trucks and other vehicles performing parish services.
We agree with the trial judge that the Parish did not have sufficient grounds to unconditionally deny the Bodes the use of their property for construction of a residence.
The requirement of building permits is pursuant to and in exercise of parochial police power. Thus, a parish may refuse a building permit when the proposed construction will result in the violation of an ordinance. Gibbs v. City of Natchitoches, 182 La. 926, 162 So. 731 (1935). In the present case, however, the pertinent ordinance requiring a minimum width dedication for secondary streets was adopted after the lots fronting on Martin Behrman Walk had been subdivided. Martin Behrman Walk was a dedicated public thoroughfare, whether denominated as a street or a walk.[1] Subsequent adoption of the pertinent ordinance could not serve as a basis for denying owners of lots fronting on the thoroughfare the right to reasonably use their property for the purpose for which the lots were subdivided. We conclude the Parish could not deny the building permit on the basis that the thoroughfare on which the lots fronted did not qualify as a street because of failure to meet the minimum width requirements of the ordinance.
Nevertheless, the Parish argues that under certain circumstances a building permit may be denied if the proposed construction will result in creating or worsening a safety hazard. The record in this case, however, does not support a finding that any safety hazard would be created or worsened by construction of the residence proposed by the Bodes. For example, a Safety Department representative testified that a fire truck could get to the property, but might encounter difficulty backing out. This type of objection is not sufficient to justify denial of a permit for a use of property not prohibited by law. Furthermore, the portion of Martin Behrman under *732 consideration was not a dead end street, but extended as dedicated between two regular streets. Perhaps because of the narrow width the Parish could reasonably impose certain safety regulations, such as limitation to one-way traffic or prohibition against parking on the street, but the Parish could not unconditionally deny use of property because of the possibility of safety problems which could be satisfactorily handled by adoption of special regulations or by other measures short of prohibition of use of the property for the purpose for which it was intended.
Finally, denial of the permit because of the absence of off site improvements constituted unequal treatment. The Parish admitted that building permits for unimproved sites were routinely issued when there was adequate assurance that off site improvements will be installed at the owner's cost. Furthermore, as noted by the trial judge, the Parish is protected in this regard in that no building can be used until the Parish issues a certificate of use and occupancy upon completion of construction and compliance with all governmental requirements.
Again, the Parish could perhaps impose reasonable conditions on issuance of the permit, such as posting of a bond, but the Parish could not unconditionally deny the Bodes a permit and under the same circumstances conditionally issue permits to others similarly situated.
The Parish had also objected to the use of mandamus action to compel a public official to perform a duty which requires the use of discretion. The writ of mandamus has long been used to compel issuance of a building permit. State ex rel. Hundley v. City of Alexandria, 164 La. 624, 114 So. 491 (1927); Gibbs v. City of Natchitoches, supra; State ex rel. Romero v. Viator, 217 La. 239, 46 So.2d 256 (1950); Schwing v. City of Baton Rouge, 249 So.2d 304 (La.App. 1st Cir. 1971).
The judgment is affirmed.
Affirmed.
NOTES
[1] In Parish of Jefferson v. Doody, supra, the Supreme Court declined to pass on the issue of whether Martin Behrman Walk could be used for any purpose other than a walkway.