162 So. 718

**STATE v. MORTON.**

No. 33420.

May 27, 1935.

Rehearing Denied July 12, 1935.

R. C. Gamble, of Mansfield, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. B. Cavanaugh, Dist. Atty., of Leesville, and Lessley P. Gardiner, Asst. to Atty. Gen., for the State.

George T. McSween and Edw. Barnett, both of Shreveport, amici curiæ.

ROGERS, Justice.

The defendant has appealed from his conviction and sentence for selling intoxicating liquors for beverage purposes in De Soto parish, where the sale is prohibited by ordinance.

As a consequence of the repeal of the federal and state prohibition laws, the Legislature enacted Act No. 15 of 1934 to govern the traffic in intoxicating liquors. Section 25 of the act provides for the holding of local option elections.

As authorized by the statute, the police jury of the parish of De Soto adopted a resolution calling a local option election. At that election a majority of the qualified electors voted against permitting the sale and distribution of intoxicating liquors within the parish limits. Subsequently, pursuant to the result of the election, the police jury adopted Ordinance No. 233, prohibiting the sale and distribution of intoxicating liquors in De Soto parish and providing penalties for violations of the ordinance.

Defendant's motion to quash the indictment was overruled. In his motion defendant charged, and on appeal he contends, that the ordinance is illegal, because the police jury was not authorized to call the local option election on which it was based. That Act No. 15 of 1934 is unconstitutional:

1. Because it contains more than one object in violation of section 16 of article 3 of the State Constitution.

2. Because its title contains no .reference to any of its provisions authorizing the police jury to call and hold a local option election.

And that the ordinance is invalid, because the penalty provided therein exceeds the penalty a police jury is authorized to impose under the provisions of Act No. 315 of 1908.

█ 1. The object of Act No. 15 of 1934, as declared in its lengthy title, is to regulate the traffic in intoxicating liquors, and, incidentally, to supply additional revenue by licensing the business, with a proviso that no such business shall be licensed in parishes, wards, or municipalities where a majority of the qualified electors determine that the business shall not be permitted.

The second paragraph of section 25 of the statute provides:

"That the police juries of the several parishes of the State and the governing authorities of all municipalities shall have the power to prohibit the sale or distribution of intoxicating liquor within their respective limits, as said governing authorities may deem advisable. Provided that, whenever it is deemed advisable in the judgment of said governing authorities, an election on the question of granting or withholding permits for the sale or disposition of intoxicating liquor shall be had. * * * Whenever an election has been held and the majority of the votes cast in a parish or in a ward, if only a ward election is at issue, shall be

against permitting the sale or disposition of intoxicating liquor within such parish or ward, then said vote shall control the action of any ward, city or town, within the limits of the said parish or ward. Provided, further, that such elections as are hereinabove provided for shall not be held oftener than once a year, and when so held, the effect of an election shall continue in force until another election, embracing the same political subdivision."

Appellant contends that the sole object of Act No. 15 of 1934, as set forth in its title, is to regulate the traffic in intoxicating liquors, and that the clause in the act providing for the prohibition of the traffic in localities where such prohibition is authorized by a majority vote of the qualified electors embraces a second object which is not covered by the title of the act.

Appellant argues that the power to prohibit is not conferred by the power to regulate only, which apparently is the extent of the power referred to in the title of the statute.

We think the title of the act is sufficiently broad to cover the provision in the body of the act authorizing the holding of local option elections and empowering the police juries of all the parishes and the governing authorities of all municipalities to prohibit the sale or distribution of intoxicating liquors within their respective limits.

The title, while declaring that the act is one to regulate the traffic in intoxicating

liquors, also declares that as incidental to such regulation, to próvide for additional revenue for the state, a license tax, in lieu of all other license taxes, except as provided in the act, shall be levied on such business; it provides for the licensing of all liquor dealers under the act and for the regulation of their business, in aid of the enforcement of the license; and declares that such liquor business shall not be licensed, nor shall the act be construed as permitting such business to be conducted in parishes, wards, or municipalities where by a vote of the majority of the qualified electors it has been determined that such business shall not be therein permitted.

There is no inherent right in a citizen to sell intoxicating liquor, and the business may be entirely prohibited or be permitted under such conditions as will limit to the utmost its evils. City of New Orleans v. Smythe, 116 La. 685, 41 So. 33, 6 L. R. A. (N. S.) 722, 114 Am. St. Rep. 566.

The word "regulate" is of broad import as many of the decisions of this court hold it to be. The word necessarily implies some degree of restraint and prohibition of acts usually done in connection with the thing to be regulated.

While the word "regulate" does not ordinarily convey the meaning of prohibit, there is no absolute reason why it should not have that meaning when used in delegating police power in connection with a thing the best or only efficacious regulation of which involves suppression. City of

Shreveport v. Price, 142 La. 936. 77 So. 883.

There can be no doubt that the prohibition or regulation of the sale or distribution of intoxicating liquor falls within the domain of the police power. Mayor & Board of Trustees of City of New Iberia v. Erath, 118 La. 305, 42 So. 945.

The licensing of the traffic in intoxicating liquors is one of the means of regulating it. Id.

We can perceive no good reason for holding that the business of dealing in intoxicating liquors may be regulated · by granting licenses for such business in localities where it is favored and may not be regulated by withholding licenses for such business where it is not favored.

"Regulate," as used in the grant of power to a city to regulate the sale of intoxicating liquors, implies the power to restrain such sales to certain hours of the day or on certain days of the week. Corporation of Town of Minden v. Silverstein, 36 La. Ann. 912.

We can perceive no good reason for holding that in aid of its regulation the business of dealing in intoxicating liquors may be prohibited on certain days of the week and that for the same purpose such business may not be prohibited in certain parishes of the state or in certain wards or municipalities in a parish.

Counsel for appellant refers to the constitutional power of Congress to regulate interstate commerce, and suggests that this

delegation of power could not be successfully construed as conferring the power to totally prohibit commerce among the states.

Counsel's suggestion finds its answer in many decisions of the Supreme Court of the United States, which hold that the constitutional power of Congress to regulate interstate commerce includes the power to prohibit, in cases where such prohibition is in aid of the lawful protection of the public. We mention a few of those cases, viz.: Wilkerson v. Rahrer, 140 U. S. 545, 11 S. Ct. 865, 35 L. Ed. 572; Addyston Pipe & Steel Co. v. United States, 175 U. S. 211, 226, 20 S. Ct. 96, 102, 44 L. Ed. 136; Champion v. Ames, 188 U. S. 321, 23 S. Ct. 321, 47 L. Ed. 492.

■ Whether a statute contains more than one object must be determined from the body of the act and not from its title. The general purpose of Act No. 15 of 1934 is to provide for the control and government of the traffic in intoxicating liquors within this state. We find nothing in the body of the act at variance with that purpose or that constitutes incongruous or unconnected subjects of legislation. All its provisions appear to be incidental to the main purpose of the statute and reasonably adapted to carry out its principal object.

■ Where the title indicates the purpose of the act to be to regulate the sale of intoxicating liquors, it may include all the various means of enforcing compliance with the act, may include penalties for violation, confer jurisdiction of suits for

such violation, and provide for remonstrances for the granting of licenses. Such an act may provide for local option and prohibit sale in localities which vote for prohibition, and such partial prohibition will be deemed regulation within the title of the act. Lewis' Sutherland, Stat. Const. vol. 1 (2d Ed.) p. 291, par. 163.

■ 2. The title of Act No. 15 of 1934, provides, among other things: "Providing that such liquor business shall not be licensed nor shall this Act be construed as permitting such business to be conducted in parishes, wards and municipalities where, by vote of a majority of those duly qualified electors voting at an election to be held as provided, in House Bill No. 25 of the regular session of 1934 (Act No. —— of 1934), it has been determined that such business shall not be therein permitted."

Section 25 of the statute provides for the calling, holding, and effect of local option elections. And appellant contends that so far as that provision is concerned the title is misleading. Appellant argues that a reading of the title discloses no reference to section 25 or to any other portion of the statute authorizing local option elections; that the only reference in the title to the authority for such elections is the reference to, "* * * House Bill No. 25 of the regular session of 1934 (Act No. —— of 1934)." Appellant insists that any person on reading the title himself or on hearing it read by some other person would see

nothing in it pointing to a provision such as that contained in section 25, authorizing local option elections.

We think the contention is untenable. If the reference to "House Bill No. 25 of the regular session of 1934 (Act No. —— of 1934)" should be omitted entirely, the remaining portion of the title would read in that respect as follows, viz., " * * * by vote of a majority of those qualified electors voting at an election to be held as provided * * *." That is, as provided in the statute. And it appears to us as certain that any person on reading the title himself or on hearing it read by some other person would readily understand that somewhere in the body of the act provision would be made for local option elections.

3. Appellant's complaint that the police jury ordinance is invalid, because the penalty provided therein is greater than that permitted under the provisions of Act No. 315 of 1908, cannot be entertained. Appellant is not entitled to complain of any section of the ordinance or of the statute with which he is not concerned. Appellant was prosecuted, convicted, and sentenced under the statute and not under the ordinance. All that was necessary to support his prosecution, conviction, and sentence was the calling, holding, and promulgation of the result of the election, showing that the sale of intoxicating liquors in De Soto parish should not be permitted.

For the reasons assigned, the conviction and sentence appealed from are affirmed.