**5 So.2d 330**

**STATE v. HARDY.**
No. 36275.

Nov. 3, 1941.

Cawthorn & Golsan, of Mansfield, for relator.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for respondent.

PONDER, Justice.

The defendant, G. C. Hardy, was indicted, tried and convicted for selling liquors for beverage purpose in De Soto Parish where the sale of intoxicating liquors is prohibited by law. Thereupon the defendant was sentenced to be confined in the parish jail, subject to work on the public roads, for a period of five months. The defendant applied to this Court for writs of certiorari, prohibition and mandamus. The writs were granted and a rule nisi issued. The matter has been submitted for determination.

During the course of the trial the defendant reserved three bills of exception. Bill

of exception No. 1 is predicated on the overruling of two motions to quash the indictment. Bill of exception No. 2 is predicated on the overruling of a motion for a new trial. Bill of exception No. 3 was taken to the overruling of a motion in arrest of judgment.

Counsel for defendant in his brief states that the points of law involved in this case are identical with those raised in the case of State of Louisiana v. R. L. Gardner, No. 36,266 of the docket of the Supreme Court, 5 So.2d 132.

In the case of State v. R. L. Gardner, supra, we have this day handed down an opinion on the identical questions raised in the defendant's bill of exception No. 1 wherein it was concluded that there was no merit in the defendant's contention that Act 15 of 1934, as amended, and Act 17 of 1935, First Extra Session, are unconstitutional. See State v. Gardner, supra.

Bill of exception No. 2, taken to the overruling of a motion for a new trial, is without merit. The defendant alleges in detail in the motion for a new trial the evidence produced on the trial of the case and contends that there was no evidence offered against the accused touching a point essential to conviction. There is no note of testimony in the record, but the trial judge in his per curiam states, viz.:

"The defendant was convicted upon the direct evidence of B. N. Johnson. The evidence was clear cut, as to date, amount and all. The witness gave truthful evidence. His evidence was not questioned. It is true he said it was whiskey. That he bought it

for medical purposes. As stated in the Gardner case there is only one way to buy whiskey legally in De Soto Parish under the law and that is by a prescription of a doctor. Mr. Johnson stated that he did not secure a prescription. The defendant sold him the whiskey in violation of law. The defendant did not offer any evidence to show that he had a prescription. Mr. Cobb the owner of the drug store identified a prescription which he said was found in the files of the drug store. This prescription purported to be written by a doctor living in Texas. It is my opinion and the evidence shows that the liquor was bought by Mr. Johnson without a prescription and that the defendant was guilty. Nobody who heard the case could have any doubt about the defendant not being guilty under the evidence. It is true only one witness was against the defendant but his evidence was not disputed by any witness at all. If the defendant was granted a new trial or acquitted in this case there would be no use of ever trying a guilty person on a liquor charge. As stated in the Gardner case Whiskey has a well defined meaning. It means intoxicating liquor. When it is alleged that the defendant sold intoxicating liquor and the State proved that it was whiskey, then the burden of proof rest upon the defendant to show it was not intoxicating. The motion for a new trial was properly over-ruled."

In the absence of any note of testimony, the per curiam of the trial court is controlling. State v. Boudreaux, 137 La. 227, 68 So. 422. The defendant's application is one which addresses itself to the sufficiency rather than to the lack of evidence. This Court will not disturb the overruling of a motion for a new trial based on the insufficiency of the evidence.

Bill of exception No. 3 was taken to the overruling of a motion in arrest of judgment. The motion in arrest of judgment is based on two grounds, viz., that the court erred in overruling the motions to quash the indictment; second, that the court erred in overruling the motion for a new trial. The first ground advanced in the motion is eliminated by our disposition of bill of exception No. 1. Likewise the second ground is eliminated by the disposition of bill of exception No. 2. Moreover, the second ground advanced in the motion would require an examination into the evidence.

"A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record." Article 517, Code of Criminal Procedure.

"No defect that is merely formal, or cured by verdict, or that can not be ascertained without an examination of the evidence, is good ground for arresting judgment." Article 518, Code of Criminal Procedure; see also State v. Seiley, 197 La. 405, 1 So.2d 675.

The conviction and sentence are affirmed. The writs are recalled and rule dismissed.