FOURNET, Justice.
 

 The relator, R. L. Gardner, who owns and operates a drug store under the trade name of Independent Drug Store in the town of Logansport, De Soto Parish, Louisiana, and is duly licensed to sell intoxicating liquors for medicinal purposes, was indicted for and convicted of the offense of selling intoxicating liquors for beverage purposes in De Soto Parish, where the sale of intoxicating liquors is prohibited by law, and sentenced to serve five months in jail. We now have the matter before us for review on writs granted the relator upon his application,
 

 Counsel for the accused filed a motion to quash the indictment under which he was charged on the ground (1) that it does not charge that any ordinance has been adopted by the Police Jury of De Soto Parish prohibiting the sale of intoxicating liquor and (2) that Act No. 17 of the First Extra Session of 1935, which amended Act No. 15 of 1934, is unconstitutional for the reason that by the said act the legislature attempted to
 
 *866
 
 delegate to the various police juries of the state certain legislative authority vested in the legislature alone, by the constitution. In response to this motion the district attorney announced that he was prosecuting the accused under Act No. 15 of 1934, as amended by Act No. 17 of the First Extra Session of 1935, and under an ordinance of the Police Jury of De Soto Parish. The relator then filed another motion to quash on.the ground that Act No. 15 of 1934 embraces two objects, contrary to the provisions of Section 16 of Article III of the Constitution of 1921.
 

 The constitutional question raised in the first motion is, in our opinion, without merit. While the right to regulate the traffic of liquor is an inherent police power of the state which, under the express provisions of Section 18 of Article XIX of the Constitution of 1921 can never be surrendered, it is within the province of the legislature to delegate these powers to the various political subdivisions of the state and, in so doing, the legislature does not thereby surrender its power in this respect, for it is elementary that the legislature can thereafter, at any time, either change, alter, or recall the power so delegated. See State v. City of New Orleans, 151 La. 24, 91 So. 533.
 

 The constitutional question raised in the second motion to quash is equally .without merit. A mere reading of Act No. 15 of 1934 discloses that it has, in reality, only one general object, i. e., the regulation of the sale of intoxicating liquor (Lafitte v. Police Jury of De Soto Parish, 183 La. 262, 163 So. 33) and the licensing of the traffic of liquor is one means of regulating the same. Mayor & Board of Trustees of City of New Iberia v. Erath, 118 La. 305, 42 So. 945, and State v. Morton, 182 La. 887, 162 So. 718.
 

 After these two motions to quash had been overruled by the trial .judge, the accused then filed a motion for a bill of particulars, declaring that unless he was informed as to whom he was accused of selling the liquor, where and in whose presence it was sold, and the quantity, he would be unable to prepare his defense. In response to this motion the district attorney informed the accused “That the intoxicating liquor was purchased on the date as set forth in the indictment [February 9, 1941]. That the same was made by defendant. That one half pint of Paul Jones whiskey was purchased by Jack Horn for the price of $.90, the sale taking place at Logansport, Louisiana.” (Brackets ours.)
 

 For the conviction of the accused, the prosecution relied solely On the testimony of the party to whom the liquor was alleged to have been sold, Jack Horn, and, on his direct examination elicited from him, over the objection of the relator, testimony that referred to sales of liquor other than the one charged in the indictment.
 

 "The general rule is against the introduction of evidence of the commission of another offense than that for which the defendant is being tried * * 2 Marr’s Criminal Jurisprudence 568. See, also, State v. Johnson, 38 La.Ann. 686; State v. Bates, 46 La.Ann. 849, 850, 15 So. 204; State v. Cavanaugh, 52 La.Ann. 1251, 27 So. 704; State v. Williams, 111 La. 179,
 
 *868
 
 35 So. 505; State v. Smith, 156 La. 818, 101 So. 209; Rice on Evidence, vol. 3, c. 25, § 153, and especially regarding larceny, chapter 42, § 453; 16 C.J. p. 574, § 1115, p. 586, §§ 1132, 1133, 1134, 22 C.J.S., Criminal Law, §§ 663, 682, 683; 8 R.C.L. p. 198, No. 194. There are exceptions to this general rule, however, one, where the evidence is introduced for the purpose of rebutting the inference that the act with which the accused is charged was not committed by accident or mistake but with a guilty knowledge or evil motive; another, when the evidence shows a system of wrongdoing, as in cases of forgery, making of false entries in books, etc. State v. Williams, 111 La. 179, 35 So. 505; State v. Norphlis, 165 La. 893, 116 So. 374; and State v. Brown, 185 La. 1023, 171 So. 433.
 

 In the instant case the question of intent or motive is not at issue and there being no connection between the previous sales of liquor and the sale with which the accused was charged in the indictment, it is our opinion therefore that the evidence of such previous sales was inadmissible.
 

 The witness Horn had, on direct examination, testified that he purchased the liquor described in the district attorney’s response to relator’s motion for a bill of particulars from the relator substantially as alleged in the indictment. On cross-examination by counsel for the relator, however, Horn stated the liquor was purchased on his return from a hunting trip with John Givens and that the same was secured for medicinal purposes because they were cold and wet. He stated further that he was unable to give the date of the alleged purchase other than that it was at the end of the squirrel season. Neither could he state positively whether the liquor was sold to him or to Givens. At this point the attorney for the state, pleading surprise, asked the court’s permission to question the witness with reference to his previous statements and also with reference to statements made to the Grand Jury when the matter was before it, the purpose of such questioning being to impeach the witness. Counsel for the relator objected to this request and the court, overruling the objection, declared that in its opinion the witness had made a true statement on direct examination, his testimony under cross-examination showing that he was “evading the question and making himself liable to be prosecuted for perjury.”
 

 The bill of exceptions reserved to this ruling is without merit for one of the matters within the peculiar and exclusive province of the trial judge or jury is the question of the credibility of a witness.
 

 After he was convicted, the accused filed a motion for a new trial, alleging, in addition to the matters just covered, that in his motion for a bill of particulars he had declared that if he had sold any liquor it was as a licensed druggist under prescription of a physician and that in order to properly defend himself it was necessary that he be informed of the exact date the liquor was alleged to have been sold and to whom. In response to this motion, the district attorney designated the date named in the indictment (February 9, 1941) as the date on which the whiskey was sold and the witness Horn as the one to whom
 
 *870
 
 he had sold it. Relator further alleged that after having been given the information he searched his records and failed to find where he had filled a prescription or sold any liquor on the date designated, but that after Horn testified during the trial of the case that he was unable to remember the exact date of the alleged sale to him and, beside, was uncertain as to whether the sale was to him or to his friend Givens, the relator further searched his records and did find that on December 22, 1940, either he or some other authorized person in his drug store did sell the liquor described in the bill of particulars to John Givens under prescription from a licensed physician; that he then contacted Givens and obtained from him an affidavit wherein he declared that if called to the witness stand he would testify that he and Horn, returning from a hunt wet and cold on December 22 of 1940, went to the drug store of the accused where he, and not Horn, purchased the one pint of Paul Jones whiskey. This affidavit was attached to the motion. Under the circumstances of the case the accused contended that he was entitled to a new trial. This was refused by the trial judge and a bill of exceptions was reserved to his ruling. ■
 

 The trial judge stated in his per curiam that he refused the new trial because the newly discovered evidence, i. e., the sale of the whiskey to John Givens on December 22, 1940, was too remote from the date of the alleged sale on February 9, 1941, as testified to by Horn on direct examination, which testimony the trial judge believed in preference to Horn’s statements under cross-examination, when he was an unwilling witness for the state. Moreover, he was of the opinion that the defendant had not exercised due diligence in securing the alleged newly discovered evidence.
 

 We think the trial judge erred in his ruling refusing the accused a new trial. It is our opinion that under the facts and circumstances of this case the trial judge abused the discretion given him under the law and that the defendant should have been granted a new trial. Articles 508, 509, 511, 512, and 516 of the Code of Criminal Procedure; State v. Beebe, 168 La. 948, 123 So. 636; and State v. Barton et al., 178 La. 859, 152 So. 546.
 

 For the reasons assigned, the conviction and sentence of the relator are set aside and the case is remanded for a new trial according to law.