Plaintiff, Addie Lacey Wallace, brings this petitory action seeking to obtain possession of certain property described in her petition from one Van Thompson, the defendant. Plaintiff's title is derived from her aunt Van Thompson's wife, Cecil Lyle Thompson, who bequeathed the property in question to her by means of a noncupative will executed before Nirma Keenan, Notary Public, on April 3rd, 1940.
Thompson answered admitting possession of the property, and, by way of reconvention, set up a claim against plaintiff in the sum of $735.45.
On the trial of the case plaintiff filed a certified copy of the act of sale by which Cecile Lyle Thompson acquired the property, which was dated March 30th, 1925, about nine years before Cecile's marriage to Van Thompson, and a certified copy of the judgment placing Addie Wallace in possession of the property, whereupon defendant attempted to prove by parol evidence the averments of his reconventional demand, to which an objection was made and sustained by the judge a quo. *Page 127 
There was judgment below in plaintiff's favor as prayed for on the main demand and dismissing defendant's reconventional demand. Defendant has appealed.
There is no doubt and no dispute about the correctness of the judgment on the main demand. The only issue concerns the reconventional demand.
The claim in reconvention is based upon advances alleged to have been made to or for Cecile Thompson, plaintiff's author in title and defendant's wife, with whom he "lived * * * from about the month of May, 1925 to the day of her death, April 25, 1940, but only married her on October 6th, 1934"; that during all that time "respondent supported and cared for his said wife until the day of her death and helped her to pay off the balance of the purchase price of the said property, some Four Hundred ($400.00) Dollars, from his earnings, she, Cecile Lyle Thompson not working or earning any money whatsoever during all the time that respondent lived with her, both as married and as unmarried". He itemizes his claim as follows:
 "Paid off on said mortgage $400.00 "Paid for house roof 150.00 "Paid for fence 25.45 "Paid on account of funeral bill 10.00 "Loan to Walter Murray at decedent's request (decedent's illegitimate son) 150.00 ______ "Total amount of indebtedness $735.45"
In argument and in brief defendant stresses the equity of his client's claim, contending that he should have been permitted to prove in this suit the facts upon which his reconventional demand was based.
Reliance is placed upon Article 21 of the Revised Civil Code to the effect that "in all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent".
Article 21 is not applicable because, in Article 375 of the Code of Practice is found an express statute on the subject, reading as follows:
"In order to entitle the defendant to institute a demand, in reconvention, it is required that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises; provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action; and provided further, that in all cases of arrest, attachment, sequestration, provisional seizure and injunction, the defendant may be in the same suit, by reconventional demand, recover from the plaintiff the damages he may have sustained by the illegal resort to such writ".
Article 503 of the Civil Code defines as a possessor in good faith one "who possesses as owner by virtue of an act sufficient in terms to transfer property, the defects of which he was ignorant of. He ceases to be a bona fide possessor from the moment these defects are made known to him, or are declared to him by a suit instituted for the recovery of the thing by the owner".
Article 3451 of the Code provides:
"The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another".
It is obvious that defendant cannot qualify as a possessor in good faith and that he has no standing in court to urge his claim as a demand in reconvention, since he does not pretend to have any title to the property, the possession of which he has. Whatever merit there may be to the defendant's claim it cannot be urged in this proceeding.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part. *Page 128