ROGERS, Justice.
 

 The Grand Jury of the Parish of DeSoto filed an indictment against Joe Monsour charging that on a certain date he did “wilfully and unlawfully possess, offer and keep for sale intoxicating liquors, containing more than six per cent alcohol by volume, for beverage purposes, in'DeSoto Parish, Louisiana, where the sale of intoxicating liquors is prohibited by law, contrary to the form of the Statute of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the
 
 same.”
 

 Defendant was convicted on the charge and sentenced to work on the public roads of the parish for a period of sixty days and to pay a fine of $301 and costs of the prosecution, and in default of payment of the fine and costs, to be confined to the parish jail for an additional five months,
 
 *275
 
 subject to work on the public roads of the parish. Defendant is appealing from his conviction and sentence.
 

 In the district court, defendant reserved two bills of exception, one to the overruling of a motion for a new trial, and the other, to the overruling of a motion in arrest of judgment.
 

 The bill of exception overruling the motion for a new trial, which merely sets forth that the verdict of the jury was contrary to the law and the evidence, is without merit and is not pressed by the appellant in this Court.
 

 The Legislature enacted Act 15 of 1934 to govern the traffic in intoxicating liquors. Section 25 of the act provides for the holding of local option elections. Acting under the authority of the statute, the Police Jury of the Parish of DeSoto adopted a resolution calling a local option election. The election was held and resulted in a majority of the qualified electors voting against permitting the sale and distribution of intoxicating liquors within the parish limits. Following the election and the promulgation of the result thereof, the police jury adopted Ordinance Number 233, prohibiting the sale and distribution of intoxicating liquors for beverage purposes in the parish and provided penalties for violations of the order.
 

 Appellant’s motion in arrest of judgment is predicated on the alleged unconstitutionality of the ordinance of the police jury, and on the further ground that the indictment is fatally defective in that it is not responsive to the provisions of the ordinance, and that appellant was prosecuted for an offense not denounced therein.
 

 Appellant argues that the ordinance is unconstitutional because the body of the ordinance is broader than its title. The argument is unsound.
 

 The provision of the Constitution, art. 3, § 16, that a legislative act shall have but one object and that object shall be indicated by its title does not apply to municipal or police jury ordinances. Walters v. Duke, 31 La.Ann. 668; Callaghan v. Town of Alexandria, 52 La.Ann. 1013, 27 So. 540; Town of Mansfield v. Herndon, 134 La. 10, 63 So. 606.
 

 However, the ordinance of the police jury has but one object, which is to prohibit the sale or keeping for sale of any intoxicating liquors for beverage purposes in the Parish of DeSoto. In this respect the ordinance follows the wording of the last paragraph of Section 13 of Act 15 of 1934 which reads in part as follows: “Whoever shall sell or keep for sale any intoxicating liquors for beverage purposes, in any parish, locality, ward, city, town or village of this State, where the sale of intoxicating liquors is prohibited by law or ordinance shall, on conviction, be punished,” etc.
 

 But, as appears from a mere reading of the indictment itself, defendant was prosecuted under the provisions of the statute— Act 15 of 1934 — and not under the ordinance of the police jury. Appellant’s conviction and sentence were necessarily based on the indictment.
 

 The statutory provision in plain words makes it unlawful for any person to “keep
 
 *277
 
 for sale/’ as well as to sell, intoxicating liquors for beverage purposes in any parish where the sale is prohibited by law.
 

 The Police Jury of DeSoto Parish adopted its Ordinance Number 233 prohibiting the sale and keeping for sale of intoxicating liquors for beverage purposes pursuant to the authority delegated to it by Act 15 of 1934. The obvious purpose of the statute in delegating the power to police juries to adopt such an ordinance is to make prohibition effective in those parr ishes where the majority of the electors are in favor of prohibition.
 

 All that the State was required to establish in order to support appellant’s prosecution under the statute was the adoption by the police jury of the ordinance prohibiting the sale of intoxicating liquors in the parish. State v. Morton, 182 La. 887, 162 So. 718.
 

 The indictment under which appellant is being prosecuted is not only responsive to the ordinance of the police jury, but is also responsive to the provisions of Act 15 of 1934 on which the indictment is based. The statute has been held to be constitutional. State v. Morton, 182 La. 887, 172 So. 718; State v. Gardner, 198 La. 861, 5 So.2d 132; State v. Hardy, 198 La. 1048, 5 So.2d 330.
 

 We find no merit in appellant’s contentions that the indictment is defective because it is not responsive to the provisions of the ordinance and that appellant was convicted for an offense not denounced by the ordinance.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.