100 So.2d 892

**STATE of Louisiana**

v.

**R. L. CLEMENTS.**

No. 43845.

Feb. 10, 1958.

Rehearing Denied March 17, 1958.

J. S. Pickett, Many, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reul Boone, Dist. Atty., Many, Jack E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.

MOISE, Justice.

The charge against defendant was the selling of intoxicating liquor. He was convicted. The sentence imposed was to pay a fine of $400 and cost of prosecution, and in default of payment of fine and cost he was to be confined in the parish jail for five months. He has appealed.

During the course of the trial, defendant reserved two bills of exceptions.

Bill of Exceptions No. One was reserved to the trial judge overruling defendant's motion in arrest of judgment,[1] which reads:

"1. That the information does not charge that the defendant has violated a Police Jury Ordinance.

"2. That the existing Sabine Police Jury Ordinance does not denounce the sale of intoxicating liquor for beverage purposes."

The motion is based upon the alleged ground that the information does not charge that the defendant violated a Po-

[1] "A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record." LSA–R.S. 15:-517.

lice Jury Ordinance, and that the ordinance, as amended, herein involved does not denounce the sale of intoxicating liquor for beverage purposes.[2] Defendant avers that he was convicted of violating an ordinance of the Police Jury of Sabine Parish, dated November 14, 1934 and amended April 17, 1940 and August 16, 1944, which the information failed to mention, and that it is elementary that an information must state every fact necessary to constitute an offense. He urges that the State cannot go beyond the averments of the indictment or information in the prosecution.[3] Section 13 of Act 15 of 1934, as amended by Act 11 of the Second Extra Session of 1934 and Act 1 of the Third Extra Session of 1934, reads:

"Whoever shall sell or keep for sale any intoxicating liquors *for beverage purposes,* in any parish, locality, ward, city, town or village of this State, where the sale of intoxicating liquors is prohibited by law or ordinance shall, on conviction, be punished by fine of not less than One Hundred Dollars nor more than Five Hundred Dollars or imprisonment of not less than thirty days nor more than six months; * * *" (Italics ours.) LSA–R.S. 26:495.

2. The information charges that the defendant sold intoxicating liquor for beverage purposes.
3. ."The indictment must state every fact and circumstance necessary to constitute

Section 25 of Act 15 of 1934 prescribes:

"Provided that the police juries of the several parishes of the State and the governing authorities of all municipalities shall have the power to prohibit the sale or distribution of intoxicating liquor within their respective limits, as said governing authorities may deem advisable." LSA–R.S. 26:343.

Section I of the Police Jury Ordinance for the Parish of Sabine, dated November 14, 1934, reads:

"Be it Ordained by the Police Jury of the Parish of Sabine, State of Louisiana, in regular session convened, that it shall be unlawful for any person, firm or corporation to sell or distribute malt, vinuous, spirituous, alcoholic or intoxicating liquors containing more than six percentum of alcohol by volume as defined by law within the Parish of Sabine, Louisiana." )

Section II of the above ordinance provides:

" * * * That whosoever shall violate the provisions of Section One of this Ordinance shall on conviction thereof, be punished by a fine of not

the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying. the meaning of . the statute, be used." LSA–R.S. 15:227.

less than One Hundred ($100.00) Dollars and costs, nor more than Five Hundred ($500.00) Dollars and costs, or imprisoned in the Parish Jail for not less than thirty days, nor more than six months, or both fine and imprisonment in the discretion of the court, and on failure to pay such fine and costs, shall be imprisoned for not more than six months additional."

Section I of the Ordinance of April 17, 1940, amending the above ordinance, reads:

"That the business of handling, selling, using, distributing, storing or consuming alcoholic and intoxicating liquors or either of them in Sabine Parish, Louisiana, is hereby prohibited, otherwise than when prescribed by a licensed physician as a medicine, said prohibition being hereby made pursuant to authority of an election duly held on October 16, 1934, in Sabine Parish, Louisiana, and regularly promulgated."·

Section V of the above amendment prescribes:

"* * * That any person violating any provision of this ordinance or who sells any alcoholic liquor as defined in Section IV above otherwise than when prescribed by a licensed physician as a medicine, within the limits of Sabine Parish, Louisiana, shall be guilty of a misdemeanor and upon·

conviction shall be punished by· a fine not exceeding $500.00 and by imprisonment not less than 60 days and not exceeding six months or both fine and imprisonment at the discretion of the Court, with an additional imprisonment not exceeding six months upon failure to pay the fine."

On August 16, 1944, the Police Jury of the Parish of Sabine amended the above section to read:

"* * * That any person violating any provision of this Ordinance or who sells any alcoholic liquor as defined in Section IV, above, otherwise than when prescribed by a licensed physician as a medicine, within the limits of Sabine Parish, Louisiana shall be guilty of a misdemeanor and upon conviction shall be punished by a fine not to exceed $500.00 or imprisonment not to exceed six months, or both fine and imprisonment at the discretion of the Court; and, on failure to pay such fine, shall be imprisoned for not more than six months additional."

▄▄ The foregoing Ordinance of November 14, 1934, its amendments, and Act 15 of 1934, as amended, sufficiently denounce the sale of intoxicating· liquors for beverage purposes in the· Parish of Sabine.

■ The purpose of Act 15 of 1934 was to permit parishes of the State of Louisiana to govern traffic in intoxicating liquors. Local option elections are permitted under Section 25, and Section 13 makes the selling or keeping for sale of any intoxicating liquors for beverage purposes, where the sale is prohibited by law, a punishable offense. Acting under the authority of the statute, the Police Jury for the Parish of Sabine called a local option election, and a majority of the voters were in favor of prohibiting the sale of intoxicating liquors within the parish. The Police Jury Ordinance, as amended, followed, and its very purpose, though not expressed in exact words, was to prohibit the sale of intoxicating liquors for beverage purposes. The trial judge aptly commented:

"The ordinance which the police jury passed was derived from a vote of the electors of the Parish of Sabine under the provisions of Act 15 of 1934 and the prosecution was under that Statute, * * * and the prosecution is under the statute rather than under the ordinance. The ordinance and amendments thereto might be termed enabling acts as in discussing these kinds of cases the Supreme Court has called attention to the fact that Act 15 of 1934 would have no effect in those parishes of the State where the sale is not prohibited by law. Under the ordinance of the police jury the sale, handling and traffic in intoxicating liquors of more than six percent by volume is prohibited for any purpose than medicinal purposes, and it would be begging the question to say that this does not prohibit the sale, handling and traffic of intoxicating liquors for beverage purposes, which would be embraced, as that is the very purpose of the statute."

■ The trial judge held, supra, that the prosecution was under the Statute, Act 15 of 1934, as amended (State v. Monsour, 205 La. 272, 17 So.2d 307), and defendant contends that it was under the Ordinance, as amended. The information is responsive to either, because it states:

" * * * in Sabine Parish, Louisiana where the sale of intoxicating liquor is prohibited by law."

In State v. Pridgen, 187 La. 569, 175 So. 63, 65, we stated:

"In prosecutions under section 13, Act No. 15 of 1934, as amended, the omission of the charge that the sale was made for beverage purposes is a 'substantial defect, patent upon the face of the record' and not a 'defect that is merely formal.' The defect being 'substantial' and not 'merely formal,' it is not 'cured by verdict' and can be taken advantage of by motion in arrest of judgment. Code of Criminal Procedure, art. 517 et seq." See, also, State v. White, 195 La. 1028, 197 So. 745.

■ Under the above ruling, it was necessary for the information to charge the defendant with selling intoxicating liquor for beverage purposes, which it did. Other than that—

"All that the State was required to establish in order to support appellant's prosecution under the statute was the adoption by the police jury of the ordinance prohibiting the sale of intoxicating liquors in the parish. State v. Morton, 182 La. 887, 162 So. 718.

"The indictment under which appellant is being prosecuted is not only responsive to the ordinance of the police jury, but is also responsive to the provisions of Act 15 of 1934 on which the indictment is based. The statute has been held to be constitutional. State v. Morton, 182 La. 887, 172 So. 718; State v. Gardner, 198 La. 861, 5 So. (2d) 132; State v. Hardy, 198 La. 1048, 5 So.(2d) 330." State v. Monsour, 205 La. 272, 17 So.2d 307, 308.

There is no merit in Bill of Exceptions No. One.

■ Bill of Exceptions No. Two was reserved to the trial judge overruling defendant's motion for a new trial. Since there was nothing new presented in this bill, we shall not consider it. State v. D'Ingianni, 217 La. 945, 47 So.2d 731; State v. Mills, 229 La. 758, 86 So.2d 895.

■ Defendant contends that the penalty provisions of the Ordinance, Amendment of 1944, supra, were beyond the delegation of the Act 15 of 1934, as amended. Defendant's sentence is within the provisions of Act 15 of 1934, as amended, and, therefore, he has no right of complaint.

■ Defendant further contends that he cannot be assessed with costs. In this type of proceeding, a defendant can be assessed with costs. State v. Monsour, 205 La. 272, 17 So.2d 307; State of Louisiana v. Heuchert, 42 La.Ann. 270, 7 So. 329; LSA–R.S. 15:529.9–15:529.10.

For the reasons assigned, the conviction and sentence are affirmed.