Dear Mr. Carson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for reply.
On August 1, 1948, the St. Tammany Police Jury enacted Ordinance 119 prohibiting the sale or distribution of intoxicating liquors of an alcoholic content greater than one-half (1/2) of one percent (1%) of alcohol by volume in the Sixth Ward of St. Tammany Parish. The ordinance also provides the following penalty:
 III. That any persons violating any of the provisions of this Ordinance shall be guilty of a misdemeanor, and upon conviction, shall be fined not more than Five Hundred ($500.00) Dollars, or imprisoned for not more than six (6) months, or both, at the discretion of the Court; and upon the failure to pay any fine imposed under the provisions of this Ordinance shall suffer imprisonment not to exceed six (6) months.
You ask whether Ordinance 119 is legally valid. The decision of the Louisiana Supreme Court in State v. Sissons, 292 So.2d 523
(La. 1974) is controlling. Therein, the ordinance in question was held invalid because the penalty exceeded that allowable under current law.
The penalty provisions in Ordinance 119 are virtually identical to those struck down in Sissons, i.e., a fine not to exceed $500.00, or imprisonment not to exceed six (6) months, or both, with authority to impose additional imprisonment of up to six months for failure to pay the fine imposed. Act 17 of the Extraordinary Session of 1935 permitted such a penalty provision. However, Act 372 of 1948 (now incorporated in La. R.S. 26:595) amended the local option law, reducing the penalties to a maximum of a $100.00 fine, or imprisonment for thirty days, or both. The penalty provisions provided in Ordinance 119 are invalid because they exceed those allowed under LSA-R.S. 26:595.
Pertinent to our conclusion is the following language from the Sissons case:
 "The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. See State v. Emerson, 197 La. 783, 2 So.2d 212 (1941); State v. Gardner, 198 La. 861, 5 So.2d 132
(1941). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. State v. Gardner, supra; State v. City of New Orleans, 151 La. 24, 91 So. 533 (1922). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law. See La. Const. Art. 14, S. 40 (d) (1921). Cf. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952); State v. Bradford, 220 La. 176, 56 So.2d 145 (1951)." 292 So.2d at 525-26.
For the foregoing reasons, we conclude that Ordinance 119 is invalid. Regarding Ward Two of St. Tammany Parish, we are advised that the St. Tammany Parish Police Jury never promulgated an ordinance prohibiting the sale of alcoholic beverages therein. Accordingly, the issue of its validity is not reviewable. Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams 0068y