# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1594

STATE OF LOUISIANA

VERSUS

WADE KNOTT, JR.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 99-193524
HONORABLE EDWARD M. LEONARD, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Glenn B. Gremillion, Billy H. Ezell, and James T. Genovese, Judges.

Gremillion, J., dissents and assigns written reasons.

**CONVICTIONS AND SENTENCES VACATED;
REMANDED FOR NEW TRIAL.**

Richard A. Spears
Post Office Box 11858
New Iberia, Louisiana 70562-1858
COUNSEL FOR DEFENDANT/APPELLANT:
    Wade Knott, Jr.

J. Phil Haney
District Attorney – Sixteenth Judicial District
ADA Jeffrey J. Trosclair
St. Mary Parish Courthouse
Franklin, Louisiana 70538
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

Defendant, Wade Knott, Jr., was originally convicted by a jury on May 17, 2000, of two counts of sexual battery, violations of La.R.S. 14:43.1, one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81, and one count of attempted indecent behavior with a juvenile, a violation of La.R.S. 14:27 and 14:81. On July 14, 2000, the State filed a habitual offender bill against Defendant alleging he was a third time felony offender. On October 3, 2000, Defendant filed a motion for new trial and a motion to quash the habitual offender bill. A hearing was held on these motions on November 2, 2000, whereupon the trial court took the matter under advisement.

On January 29, 2001, a hearing was held on Defendant's motion for new trial, which was denied. At the same time, the habitual offender allegation was heard. Again the trial court took the matter under advisement. On February 9, 2001, the trial court issued its reasons for ruling, holding that Defendant was a third time felony offender and set formal sentencing for March 12, 2001. In its ruling, the trial court stated that it would sentence the Defendant to the mandatory sentence of life imprisonment pursuant to La.R.S. 15:529.1(A)(1)(b)(ii).

On May 20, 2001, Defendant filed a second motion for new trial which alleged that Defendant had been convicted of an offense that had prescribed. A hearing was scheduled on Defendant's second motion for new trial on June 29, 2001. However, on June 21, 2001, Defendant entered into a plea agreement with the State wherein he pled guilty to one count of sexual battery, one count of indecent behavior with a juvenile, and one count of attempted indecent behavior with a juvenile. In exchange for his guilty pleas, the State dismissed the habitual offender bill and the sexual battery conviction which had prescribed prior to conviction. Defendant was then

1

sentenced to ten years at hard labor on the remaining conviction of sexual battery, seven years at hard labor on the conviction of indecent behavior with a juvenile, and three years at hard labor on the conviction of attempted indecent behavior with a juvenile, to be served consecutively, for a total term of imprisonment of twenty years.

On August 8, 2003, Defendant filed an application for post-conviction relief, which was denied by the trial court. However, upon appellate review, this court vacated the plea agreement and set aside the sentences because the original convictions were never set aside prior to the guilty pleas, and remanded the matter to the trial court for disposition of the habitual offender bill and for sentencing. *State v. Knott, Jr.,* an unpublished writ bearing docket number 03-1054 (La.App. 3 Cir. 1/20/04).

On July 19, 2004, Defendant was before the trial court for sentencing. Defendant also argued his second motion for new trial which had been filed on May 20, 2001. The trial court denied the motion. At this time, upon its own initiative, the State asked the trial court to vacate the conviction on the one count of sexual battery that had prescribed. The State informed the trial court it would not pursue the habitual offender charge and the trial court sentenced Defendant to ten years at hard labor on the remaining conviction for sexual battery, seven years at hard labor on the conviction for indecent behavior with a juvenile, and three years at hard labor on the conviction for attempted indecent behavior with a juvenile, to be served consecutively for a total of twenty years. Defendant made an oral motion for reconsideration, which was denied without reason by the trial court.

Defendant now appeals the trial court's denial of his motion for new trial.

**FACTS**

The record does not contain the trial transcript; therefore, the facts are taken

2

from the facts given as the basis for Defendant's plea of guilty to the charge of one count of sexual battery, one count of indecent behavior with a juvenile, and one count of attempted indecent behavior with a juvenile as follows:

> Between the years 1991 and 1998, that you committed a lewd or lascivious act upon Juvenile "A," a child under the age of seventeen, with the intent of arousing or gratifying his sexual desires, in violation of Revised Statute 14:81. You're also charged by a Bill of Indictment that in the year of 1998 that you did commit lewd or lascivious acts upon Juvenile "C," a child under the age of seventeen, with the intent of arousing or gratifying your sexual desires, in violation of Revised Statutes 14:81 and Revised Statute 14:27, attempt -- attempted indecent behavior with juveniles.
>
> . . . .
>
> You're also charged that between the years 1991 and through 1998 that you did commit sexual battery upon Juvenile "A," in violation of Revised Statutes 14:43.1, sexual battery.

## ASSIGNMENT OF ERROR

Defendant asserts that the trial court erred when it denied his motion for a new trial. His motion was based on the fact that he had been tried and found guilty on four counts, one of which had prescribed. Defendant contends:

> What is at issue today is the validity of the other counts that were consolidated with the bad one and the convictions on those counts. It is the position of Mr. Knott that the jury's consideration, deliberation of and conviction on the prescribed count was so utterly prejudicial that a new trial is warranted to satisfy the interests of justice.

In brief, the State argues that the evidence of the sexual battery on juvenile "D" would have been permitted at trial pursuant to La.Code Evid. art. 404(B) or La.Code Evid. art. 412.2.[1]

Louisiana Code of Evidence Article 404(B)(1) provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible

---

[1]La.Code Evid. art. 412.2 did not become effective until 2001. Defendant was convicted in May 2000. Therefore, this evidentiary article is not relevant to this discussion.

for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

At the sentencing hearing conducted on July 19, 2004, defense counsel explained:

> [B]ut before sentencing was held new counsel, Mr. Thomas Guilbeau enrolled of counsel as record [sic], filed a second motion for a new trial this time alleging apparently directly that one of the four counts, the count of sexual battery on juvenile "D" that had been filed untimely. In fact, it had be prescribed for up to fifteen (15) years. That new trial further asked for a new trial one [sic] the other three counts on the basis that Mr. Knott having been tried with one count that should have not been brought up against him. That the jury would have been unduly influenced by the evidence that was adduced on behalf of juvenile "D". It invalidates the other three.

Defendant argues that because of the evidence presented by the testimony of juvenile "D," he was convicted on the other three counts. Therefore, Defendant argues the trial court should have granted his motion for a new trial.

Louisiana Code of Criminal Procedure Article 851 provides the grounds for a new trial:

> The motion for a new trial is based on the supposition that injustice has been done to the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
>
> The court, on motion of the defendant, shall grant a new trial whenever:
>> (1) The verdict is contrary to the law and the evidence;
>>
>> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
>>
>> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and

4

if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

The standard of appellate review when a trial court denies a motion for new trial is abuse of discretion. *State v. Guidry,* 94-678 (La.App. 3 Cir. 12/7/94), 647 So.2d 502. In speaking of abuse of discretion, the court in *State v. Talbot*, 408 So.2d 861, 885 (La.1980) stated:

Neither the appellate nor supervisory jurisdiction of the Supreme Court may be invoked to review the granting or the refusal to grant a new trial, except for error of law. However, an abuse of the trial court's discretion on the ground of newly discovered evidence has been regarded as presenting a question of law-although, of course, great weight must be attached to the exercise of the trial judge's discretion, which should not be disturbed on review if reasonable men could differ as to the propriety of the trial court's action. See, e.g., *State v. Jackson*, 253 La. 205, 217 So.2d 372 (1968); *State v. Truax*, 222 La. 463, 62 So.2d 643 (1952). On the other hand, the discretion vested in the trial court must be exercised in whole-hearted good faith and be guided by the statutes, not by the court's private opinion of what the statute ought to be. Where the exercise of discretion is arbitrary and not judicial, and the judgment is unjust, it will be set aside. *State v. Gilmore*, 332 So.2d 789 (La.1976); *State v. Randolph*, 275 So.2d 174 (La.1973); *State v. Williams,* 258 La. 251, 246 So.2d 4 (1971); *State v. Gardner*, 198 La. 861, 5 So.2d 132 (1941).

Moreover, the ambit of a trial court's discretion is determined by the reasons for its existence. As Judge Friendly noted in *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 71 (2d Cir. 1967), several of the most important reasons for deferring to the trial judge's exercise of discretion are: his observation of the witnesses, his superior opportunity to get "the feel of the case," see *Cone v. West Virginia Pulp & Paper Co.,* 320 U.S. 212, 216, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947), and the impracticability of framing a rule of decision where many disparate factors must be weighed, see *Atchison, T. & S. F. Ry. v. Barrett,* 246 F.2d 846 (9th Cir. 1957). On occasion, when a problem arises in a

context so new and unsettled that the rule-makers do not yet know what factors should shape the result, the case may be a good one to leave to lower court discretion. See Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L.Rev. 635, 662 (1971).

It is well settled that this court will defer to a trial court's reasonable decision in a situation calling for discretion when resolving a new trial motion. It is self-evident, however, that in situations in which discretion is inappropriate an incorrect decision is not entitled to deference. For example, a trial court has no discretion or choice to disregard statutory rules or to ignore pertinent new and material evidence in deciding a new trial motion.

Perhaps a final word about the exercise and review of discretion should be added. When an appellate court finds an "abuse" of discretion by a trial court, its use of this term is unfortunate, meaning as it does "offense; fault; a corrupt practice or custom." To describe an improper or incorrect exercise of discretion, "misuse" would seem a more appropriate word. See Aldisert, The Judicial Process, p. 759 (1976); *Pearson v. Dennison,* 353 F.2d 24, 28 n. 6 (9th Cir. 1965).

During the sentencing hearing, the trial court, the Defendant, and the State discussed whether the verdicts of guilty on the three counts which were not prescribed were influenced by the evidence presented on the prescribed count. The following discussion ensued:

BY MR. SERRETT: [Assistant District Attorney] Well, Judge, back to the point, if we're arguing motion for new trial here I am assuming that's Mr. Guilbeau's motion for new trial. Again, I am like Mr. Spears [defense counsel] I have not found any cases that are directly on point.

With one count which had been prescribed would have any influence on the other counts that he was convicted of? I don't know and I don't think that you can consider that now, you can decide that now without having some sort of evidence put forward Judge, I just think that a new trial at this time –

BY THE COURT: Let me ask you something. If [a] person goes to trial on a charge that is prescribed that is otherwise invalid and doesn't raise that issue before trial do they have a right to raise it after the trial? Or is that something that has to be raised – did anybody find any issues on that?

BY MR. SPEARS: Yes, sir, in the Code of Criminal Procedure Article 577, Your Honor, I believe Code of Criminal Procedure Article 577 says that the issue of timely institution or prosecution may be raised

6

at any time, including after appeal. And then there are comments which clearly go further into why that is so.

BY MR. SERRETT: And in this particular case obviously it was taken up to the Third Circuit and the Third Circuit said –

BY THE COURT: Well, the Third Circuit didn't say anything about the prescribed case. What the Third Circuit said – no, as I read the Third Circuit[']s decision it is simply that the plea of guilty which was entered after the conviction, that the plea of guilty was invalid because it constituted double jeopardy. I don't think the Third Circuit said anything about the original conviction. Do you see anything different in the record, either one of you?

BY MR. SPEARS: No, Your Honor, that's correct.

BY THE COURT: So the Third Circuit seems to be telling me to invalidate the plea of guilty and to reinstate the conviction.

BY MR. SERRETT: That is my understanding, Judge. That is the way I read it from the beginning.

BY THE COURT: Which leaves open then all of the questions that you're talking about, Mr. Spears.

BY MR. SPEARS: That's exactly right.

BY THE COURT: And that leads it back at the hands of the Third Circuit or the Supreme Court for you to go back to them and see what their opinion is or what their decision is on the validity of the prosecution of the charge that had prescribed. And to see whether or not that particular charge would be thrown out or dismissed or whether or not the entire prosecution would be thrown out or dismissed on the basis that you are arguing that the testimony of one invalid charge may have affected the decision with regard to the three valid charges.

BY MR. SPEARS: Your Honor, if I might. I think that that issue rests with Your Honor here today because the motion for new trial – before we get to sentencing Mr. Knott there is a motion for a new trial that has never been heard since 2001 and I think your Honor has to rule on these issues one way or the other before I can bring them or Mr. Serrett can bring them to a higher court.

BY THE COURT: Do you agree, Mr. Serrett?

BY MR. SERRETT: I agree, Judge.

BY THE COURT: Fine. I deny the motion for new trial. And I will vacate the sentence and the plea which were entered into following the entering of a conviction on the four counts.

7

For the following reasons, we find that Defendant was entitled to a new trial pursuant to Article 851(5), which provides that "[t]he court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."

Although, as noted above, to determine whether the trial court abused its discretion when it denied Defendant's motion for a new trial, we must look to the reasons why the trial court denied the motion. This cannot be determined since the trial court failed to give any reason for denying the motion for new trial. According to the record, in response to Defendant's motion for a new trial, the trial court stated: "Fine, I deny the motion for new trial." Without any further explanation or legal justification therefor, the ends of justice would not be served by sentencing this Defendant based in part upon evidence of a prescribed and dismissed conviction pursuant to jury verdict. The jury's verdict was tainted and prejudiced by hearing evidence of the prescribed charge. There is no way to determine the extent and effect of the taint on the jury and its deliberations. Defendant is entitled to a fair trial based on legally admissible and relevant evidence. Under the circumstances of this case, in order to purge any and all taint and prejudice, Defendant must be given a new trial.

Defendant was originally charged with sexual offenses against three juveniles. One offense against juvenile "D" occurred between 1980 and 1982, the other three offenses against juveniles "A" and "C"occurred between 1991 and 1998 in one case, and in 1998 in the other case. The minute entry indicates that all three of the victims testified at trial. Though subsequent to the trial the conviction for the 1980 prescribed offense was vacated by the trial court, the jury still heard potentially inadmissible and prejudicial testimony of other crimes or bad acts evidence without the procedural safeguards required by La.Code Evid. art. 404(B), *State v. Prieur*, 277

8

So.2d 126 (La.1973), and La.Code Evid. art. 403, which provides, in pertinent part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury."

The appeal record does not contain the trial transcript. However, at the sentencing hearing, while discussing the motion for new trial, defense counsel noted:

> I, myself have done the research and it is my sincere belief that there are no cases that are exactly like this in which someone has had one count of a four count indictment invalidated after trial and then been convicted on the other three. Clearly, I believe and I believe it was pointed out by Mr. Comeaux that it was his belief at the time that the deal was entered into in the year 2001 and that a new trial was mandated by the fact that the jury had listened to four counts. And it does appear from my reading of the record that the count against juvenile "D" was the one in which the most evidence was adduced. It is impossible for us here today to say whether or not that count influenced the jury to such a degree that the conviction on the other three counts may not have occurred had that count not be tried.

We agree. Furthermore, whether the evidence regarding juvenile "D" would have been admissible at trial is speculative at best.

## CONCLUSION

In conclusion, we find that the trial court's denial of Defendant's motion for new trial was an error of law. Other crimes evidence was submitted to the jury without the procedural safeguards required by La.Code Evid. arts. 404(B), 403, and *Prieur*. We find that Defendant is entitled to a new trial as a matter of strict legal right. Therefore, we vacate the convictions and sentences of Defendant, Wade Knott, Jr., on the charges of sexual battery, indecent behavior with a juvenile, and attempted indecent behavior with a juvenile. Defendant's motion for new trial is granted and this matter is remanded to the district court for further proceedings.

**CONVICTIONS AND SENTENCES VACATED; REMANDED FOR NEW TRIAL.**

**STATE OF LOUISIANA**

**VERSUS**

**WADE KNOTT, JR.**

Gremillion, Judge, dissents with written reasons.

I write to respectfully disagree with the majority. We were not favored with a transcript of the jury trial wherein Defendant was convicted of the four crimes for which he was charged. While I understand the serious consequences of presenting evidence of a crime that has prescribed, I believe we should review the transcript of the trial and conduct a harmless error review of the record. Further, in reviewing the transcript we should determine, whether notwithstanding the fact that the crime had prescribed, the evidence may have been admissible under La.Code Evid. art. 404(B), which allows evidence of other crimes to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident in certain instances. For those reasons, I respectfully dissent.