928 So.2d 534 (2006)
STATE of Louisiana
v.
Wade KNOTT, Jr.
No. 2005-K-2252.
Supreme Court of Louisiana.
May 5, 2006.
*535 PER CURIAM.
Granted. The decision of the court of appeal is reversed, defendant's convictions and sentences on the remaining three counts of the grand jury indictment are reinstated, and this case is remanded to the trial court for execution of sentence.
Although defendant failed to file a motion to quash or otherwise call the court's attention to the error at any time before verdict, the trial court acted properly in vacating defendant's conviction on one count of the grand jury indictment returned on July 7, 1999, on grounds that the state had not timely instituted prosecution for a crime committed at some point between 1981 and the end of 1982 and which had fully prescribed no later than 1987, well before 1993 La. Acts 592 enacted La.C.Cr.P. art. 571.1 and greatly expanded the time limits for instituting prosecution of sex crimes committed against juveniles. See La.C.Cr.P. art. 577 (defendant may raise a claim that the state has not timely instituted prosecution "at any time"); La.C.Cr.P. art. 859(7)(providing as a ground to arrest judgment that "[t]he prosecution was not timely instituted, if not previously urged.").
However, the trial court also ruled correctly when it denied defendant's motion for new trial with respect to the verdicts returned by the jury on the remaining three counts of the indictment. Although defendant claimed, and a majority on the court of appeal panel agreed, State v. Knott, 04-1594 (La.App. 3rd Cir.6/8/05), 908 So.2d 28 (Gremillion, J., dissenting), that joinder of the time-barred crime prejudiced him on the other counts because it permitted introduction of otherwise inadmissible evidence of another unrelated sex crime, his failure to raise the issue before trial deprived the trial court of the opportunity to correct the error in a timely fashion by quashing the time-barred count and, in effect, severing that count from trial of the remaining charges. See La.C.Cr.P. art. 495.1 (court may sever counts joined in a single proceeding on a showing of prejudice). Louisiana's contemporaneous objection rule provides generally that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." See State v. Thomas, 427 So.2d 428, 433 (La.1982)(on reh'g)("The contemporaneous objection rule has two purposes: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection."). Defendant's failure to object to the joinder of all four offenses in a single proceeding thereby waived any error with respect to the introduction of evidence regarding the time-barred count three of the indictment at trial of the other counts charged against him. Cf. State v. Robicheaux, 412 So.2d 1313, 1321 (La.1982) (defendant must object to joint trial with co-defendant or waive the complaint on appeal); State v. Tytus, 256 So.2d 962, 240 So.2d 723 (1970)(objection to joint trial with co-defendant comes too late in motion for new trial.)
Accordingly, even assuming, arguendo, that the denial of a motion for new trial "to serve the ends of justice," La.C.Cr.P. art. 851(5) is subject to review by an appellate court under an abuse-of-discretion standard, as a majority on the court of appeal *536 panel believed in the present case, Knott, 04-1594 at 5, 908 So.2d at 31, but see State v. Toomer, 395 So.2d 1320, 1328 (La. 1981)(grant or denial of a new trial under art. 851(5) "presents nothing for this Court's appellate review"), a trial court does not abuse its discretion or otherwise commit an error of law by denying a defendant a new trial on the basis of a claim that defendant waived by failing to assert it in a timely manner. See La.C.Cr.P. art. 858 (the granting or denying of a motion for new trial on any ground is not subject to review "except for an error of law.")